### RAGATZ v. THE CITY OF DUBUQUE.

The act entitled " An act to amend an act to incorporate and establish the city of Dubuque," provides for no appeal, or other mode of review, in cases arising under section three of that act.

A party aggrieved by the decision of a jury summoned under section three of the act, entitled " An act to amend an act to incorporate and establish the city of Dubuque," may file a petition in the District Court, to enjoin the city of Dubuque, from appropriating a part of his lot, for the purposes of a street, until a just compensation has been ascertained and paid; and the party has a right to have that compensation determined by a competent tribunal.

*Appeal from the Dubuque District Court.*

IT appears that the city of Dubuque, proceeded to appropriate a part of the complainant's lot as a street, under Stat. 1852–3, chap. 54 (Acts 1853, 89, § 3). Under the proceed-

ings there directed, a jury awarded the plaintiff twenty-five dollars damages, which was tendered him, and which he declined to receive. He files his bill in Chancery, praying an injunction against the city, and damages.

The respondent demurs, and the demurrer is overruled, and the record says that the issues were found for the complainant, and that the damages being agreed upon by the parties at forty dollars, judgment was rendered in favor of the complainant for that amount. The corporation appeals.

*G. P. Waldron,* for the appellant.

*Wiltse & Blatchley,* for the appellee.

WOODWARD, J.—The respondent demurred to the petition upon the grounds: 1st. That the District Court had no jurisdiction of the matter, as it came entirely within the provisions of the act before cited. 2d. That it appeared from the petition, that the damages had been ascertained and tendered. 3d. That the plaintiff complains only that the jury were governed by wrong principles, in ascertaining the damages, inasmuch as they took into consideration the enhanced value of the remainder of the lot. The defendant now assigns that the court erred in holding: 1st. That the District Court could take cognizance of the suit. 2d. That a party may thus disregard the proceedings under the statute, and institute an original action. 3d. In holding that when land has been appropriated for the purposes of a street, the city is liable in trespass for damages, as for an intrusion. 4th. In holding that the jury had made their assessment on wrong principles. 5th. In overruling the defendant's demurrer. The defendant, under his second cause of demurrer, says that the remedy of the aggrieved party, in such cases, is by appeal. But no appeal is given in the above act. This leads us to notice the provision on which the proceedings were founded. They are found in Acts of 1852–3, 90, § 3, in an act to amend an act to incorporate and establish the city of Dubuque. The enactment is, that when the damages

cannot be otherwise agreed upon, the city council shall cause to be summoned six freeholders, who being first duly sworn for that purpose, shall inquire into and take into consideration, the benefit as well as the injury which may accrue, &c. And upon payment of the amount found, the owner shall convey to the city forever, &c. It is the city that is to take the necessary steps, and it is to do this before it can take the property.

There is no provision for any judicial officer, or any other officer of the law, taking part in the proceedings, and directing, governing, or in any manner supervising them.

Then suppose a party to be aggrieved by the amount of damages found, or believes the jury have been governed by erroneous rules or principles, in arriving at the estimate of damages; where is his redress? No appeal is given, nor other mode of review. Property of any amount may be taken for public use, and the party has no redress for any error, mistake, misconduct, or partiality. The principles of our law require, that he should have a remedy, and, in the present instance, either this proceeding must be considered invalid, or the party must be permitted to come into a court of justice, and enjoin it, until a just compensation has been ascertained and paid. And he has a right to have it ascertained by a competent tribunal.

No objection is made to this petition, in regard to its propriety in any respect, except as suggested in the demurrer; and we do not go beyond the case presented to us. The decree of the District Court is affirmed.