ALBERT T. CHAMBERS v. THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

Removal of Causes: STATE COURT'S POWER OVER. A state court has no jurisdiction to sustain a motion by plaintiff to dismiss the case after defendant has filed a proper petition and bond for removal of the cause to a federal court, under Twenty-fifth United States Statute, chapter 866, sections 2, 3, providing that when such petition and bond are filed "within the time it shall be the duty of the state court to accept the same and proceed no further" in the suit.

*Appeal from Woodbury District Court.*—HON. SCOTT M· LADD, Judge.

SATURDAY, DECEMBER 18, 1897.

THIS case is submitted on appellant's abstract and argument alone, there being no appearance by the appellee. The abstract shows that on December 27, 1895, plaintiff filed his petition, asking to recover six thousand dollars from defendant on account of personal injuries; that on January 4, 1896 (being within the time required), defendant answered, joining issue upon the allegations of said petition; that at the same time the defendant filed its petition and bond for the removal of

this case to the circuit court of the United States for the Northern district of Iowa, Western division; that thereafter, to-wit: on January 11, 1896, plaintiff applied to said district court, by motion, to dismiss this case without prejudice to further action, which motion was sustained, to which defendant excepted, and from which ruling it appeals.—*Reversed.*

*John F. Duncombe* and *S. M. Marsh* for appellant.

No appearance for appellee.

GIVEN, J.—The petition for the removal of this cause was made under sections 2 and 3 of chapter 866, 25 U. S. Statutes at Large. The abstract shows that the application was as required by these sections, and presented a proper case for removal; also, that the bond was in proper form and amount, and conditioned as required. The application and bond were filed with the answer within the time allowed for answering, and the bond was approved by the clerk, by order of the court. Appellant insists that, as the case is a proper one for removal, by the filing of the application and bond, and approval of the bond, within the time required, the jurisdiction of the state court ceased, and that of the United States court immediately attached. Said section provides that when such a petition and bond are filed within the time required, "it shall then be the duty of the state court to accept said petition and bond, and proceed no further in such suit; and the said copy being entered as aforesaid in the circuit court of the United States, the cause shall then proceed in the same manner as if it had been originally commenced in the said circuit court." In *Stone v. South Carolina,* 117 U. S. 431 (6 Sup. Ct. Rep. 799), it is said: "It is undoubtedly true, as was stated in *Steamship Co. v. Tugman,* 106 U. S. 118-122 (1 Sup. Ct. Rep.

58), that upon the filing of the petition and bond, the suit being removable under the statute, the jurisdiction of the state court absolutely ceases, and that of the United States Court immediately attaches; but, still, as the right of removal is statutory, before the party can avail himself of it, he must show upon the record that his is a case which comes within the provision of the statute. * * * If he fails in this, he has not, in law, shown to the court that it cannot proceed further with the suit. * * * To accomplish the removal, the suit must be one that may be removed, and the petition must show a right in the petitioner to demand a removal. This being made to appear on the record, all the necessary security having been given, the power of the state court in the case ends, and that of the United States circuit court begins." In *Van Horn v. Litchfield,* 70 Iowa, 12, this court said: "It is a rule settled by the decisions of the United States supreme court that, upon the filing of a petition in a state court presenting a sufficient cause for removal to the United States court, the rightful jurisdiction of the state court comes to an end. The state court must stop when the petition and security are presented;" citing cases. Further citations are unnecessary to show that, when this petition and bond were filed, on January 4, 1896, the district court immediately ceased to have jurisdiction of this case for any purpose, and that jurisdiction thereof immediately passed to the United States court. This being true the state court had no jurisdiction to thereafter, on January 11, 1896, entertain or sustain plaintiff's motion to dismiss the case. The case was then pending in the United States court, and could only be dismissed in that court. Appellant suggests the inquiry whether it is prejudiced by this error of the district court, and answers it by insisting that, as plaintiff could not defeat the removal by reducing the amount of his demand after

the removal was asked, he could not defeat it by dismissing after removal was made, and suing for lesser sum. While there is force in this answer, another is that defendant is prejudiced by the error in that it cannot know until this appeal is determined whether the case is still pending against it or not. This being the proper court to review the action of the district court, and its action in sustaining the motion to dismiss being erroneous and prejudicial to appellant, it is REVERSED.

LADD, J., takes no part.