JANE V. MYERS *et al*, v. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

A Railway Condemnation Proceedings: WHEN A ''SUIT AT LAW.'' A condemnation proceeding while pending before the sheriff is not a ''suit at law'', but becomes such when appealed to the district court and is then subject to the ordinary rules of court.

Same; REMOVAL TO FEDERAL COURT: A condemnation proceeding may be removed from the state to the federal court if the amount involved exceeds $2,000.00 and the controversy is between citizens of different states.

Appeal: REMOVAL: PARTIES. An appeal by the railway company to the district court does not operate to make it the plaintiff, under Code, section 1999, and deprive it of the right to remove the cause to the federal court.

Removal of Cause; JURISDICTION. Where a proper petition for removal of a cause is filed, the state court loses and the federal court acquires jurisdiction *eo instante*, and any subsequent proceeding in the state court is void.

*Appeal from Marshall District Court*—HON. OBED CAS-
WELL, Judge.

TUESDAY, OCTOBER 28, 1902.

THE railroad company filed with the sheriff of Marshall county, December 7, 1899, its application for the condemnation of a strip of ground 100 feet wide for a right of way over the land of plaintiffs. Commissioners were appointed, and duly assessed the damages. The owners appealed to the district court, and on April 16, 1900, a transcript was filed with the clerk. On the 2d day of August following, the company filed its application for removal to the circuit court of the United States, alleging as ground therefor that at the beginning of the action defendant was a resident in Illinois, the plaintiff Jane V. Myers a resident of Pennsylvania, and the other plaintiff was a resident of Iowa, and that the amount in controversy exceeded $2,000. September 1, 1900, plaintiffs filed what they denominated an "answer," challenging the right to condemn the right of way, as the company had one already through the premises, and three days later filed exceptions to the application for removal. These were sustained, and, against defendant's protest, the trial proceeded, resulting in an award of damages much in excess of those allowed by the commissioners. The defendant appeals.—*Reversed.*

*Hubbard, Dawley & Wheeler* for appellant.

*J. M. Parker* for appellees.

LADD, C. J.—The petition for removal contained statements sufficient to require an order transferring the cause to the circuit court of the United States, if permissible in such a case. The exceptions thereto, sustained by the

district court, were: (1) that the railroad company was really the plaintiff, as it instituted the proceedings; (2) that, as the cause might not have been brought originally in the United States circuit court, it could not, under the acts of congress, be removed there; (3) that the district court had merely appellate jurisdiction of the proceedings; and (4) that the condemnation proceedings are not "a suit of a civil nature at law or in equity," as contemplated by the federal statutes. As a matter of convenience, we shall take up these objections in inverse order of that stated.

Section 1999 of the Code, following others conferring the power to condemn land, reads: "If the owner of any real estate necessary to be taken for either of the purposes mentioned in this chapter refuses to grant the right of way or other necessary interest in said real estate required for such purposes, or if the owner and the corporation cannot agree upon the compensation to be paid for same, the sheriff of the county in which such real estate may be situated shall, upon written application of either party, appoint six free-holders of said county, not interested in the same or like question, who shall inspect said real estate, and assess the damages which the owners shall sustain by the appropriation of his land for said corporation, and make report in writing to the sheriff of said county; and, if the corporation shall, at any time before it enters upon said real estate for the purposes of constructing said railway, pay the sheriff, for the use of the owner, the sum so assessed and returned to him as aforesaid, it may construct its railway over and across such premises." The nine sections following relate to procedure, such as fixing the time of assessing the damages, serving notice, the manner of appraising, and filing the report; and section 2009 provides that "either party may appeal from such assessment to the district court, within thirty days after the assessment is made, by giving the

adverse party or if such party is the corporation, its agent or attorney, and the sheriff notice in writing that such appeal has been taken.    The sheriff shall thereupon file a certified copy of such of the appraisements as applies to the part appealed from, and said court shall try the same as in an action by ordinary proceedings.    The land owner shall be plaintiff and the corporation defendant."    An appeal, however, works no delay in the improvement, if the corporation deposits with the sheriff the amount assessed, which he is to retain until the proceedings are terminated.    Section 2010, Code.    Section 2011 of the Code reads:   "On the trial of the appeal, no judgment shall be rendered except for costs.    The amount of damages shall be ascertained and entered of record, and if no money has been paid or deposited with the sheriff, the corporation shall pay the amount so ascertained, or deposit the same with sheriff, before entering upon the premises.    Should the corporation decline to take the property and pay the damages awarded on final determination of the appeal, then it shall pay, in addition to the costs and damages actually suffered by the land owner, reasonable attorney's fees to be taxed by the court."    Section 2012 of the Code: "If on the trial of the appeal the damages awarded by the commissioners are increased the corporation shall pay or deposit with the sheriff the whole amount of damages awarded before entering on or using or controlling the premises.    The sheriff upon being furnished with a certified copy of the assessment, may remove said corporation, and all persons acting for or under it, from said premises, unless the amount of the assessment is forthwith paid or deposited with him."    Section 2013 of the Code:   "If the amount awarded by the commissioners is decreased on the trial of the appeal, the reduced amount only shall be paid the land owners."

From these statutes it plainly appears that the proceeding before the commissioners appointed by the sheriff

to appraise the land is not a suit at law, but in the nature of an inquest to ascertain its value. No hearing is had, and no evidence introduced. The commissioners merely inspect the land, determine upon the amount of damages which will be occasioned by the appropriation, and make a written report to the sheriff. Thus far then the proceeding is in no respect a suit. That "term is certainly a very comprehensive one" said Chief Justice Marshall in *Weston v. City of Charleston*, 2 Pet. 464, 7 L. Ed. 481, " and is understood to apply to any proceeding in a court of justice by which an individual pursues that remedy which the law affords. The modes of proceeding may be various, but, if a right is litigated in a court of justice, the proceeding by which the decision of the court is sought is a suit." Unless in court, or before those exercising judicial functions, the proceeding cannot be regarded as a suit. *Ulshafer v. Stewart*, 71 Pa. St. 174; *Ex parte Towles*, 48 Tex. 433. That the proceeding to condemn land is not a suit, within the language of the Removal Acts of Congress, and are such after the appeal to the district court, seems to be conclusively settled against the appellees in *Boom Co. v. Patterson*, 98 U. S. 403 (25 L. Ed. 207), and *Railroad Co. v. Myers*, 115 U. S. 1(5 Sup. Ct. Rep. 1113, 29 L. Ed. 319). See, also, *Searl v. School Dist.*, 124 U. S. 197 (8 Sup. Ct. Rep. 460, 31 L. Ed. 415). In the first cited case the court said, speaking through Field, J. : "The proceeding in the present case before the commissioners appointed to appraise the land was in the nature of an inquest to ascertain its value, and not a suit at law, in the ordinary sense of those terms. But when it was transferred to the district court by appeal from the award of the commissioners, it took, under the statute of the state, the form of a suit at law, and was thenceforth subject to its ordinary rules and incidents. The point in issue was compensation to be made to the owner of the land,—in other words, the value of the

*1. CONDEMNATION proceeding: when a suit at law.*

property taken.  No other question was open to contestation
in the district court.  *Turner v. Holleran*, 11 Minn. 253 (Gil.
168).  The case would have been in no essential particu-
lar different had the state authorized the company, by
statute, to appropriate the particular land in question,
and the owners to bring suit against the company in the
courts of law for its value.  That a suit of that kind could
be transferred from the state to the federal court, if the
controversy were between the company and a citizen from
another state, cannot be doubted.  And we perceive no
reason against the transfer of the pending case that
might not be offered against the transfer of the case
supposed."

II.  Appellees contend, however, that these decisions
are not applicable, because of changes made in the law by
the Act of Congress of March 3, 1887 (24 Stat. 552), amended
the following year.  Chapter 137 of the Act
of Congress approved March 3, 1875 (18 Stat.
470), had for its purpose the enlargement of
federal jurisdiction, especially in respect to controversies
between citizens of different states.  *Pirie v. Tvedt*, 115
U. S. 45 (5 Sup. Ct. Rep. 1034, 1161, 29 L. Ed. 331).  This
is manifest from the wording of the second section: "Any
suit of a civil nature, at law or in equity, now pending or
which may hereafter be brought where the matter in dis-
pute exceeds, exclusive of costs, the sum or value of $500,
*  *  *  in which there shall be a controversy between
citizens of different states,  *  *  *  either party may
remove said suit into the circuit court of the United States
for the proper district."  The opposite is true of the Re-
moval Act approved March 3, 1887 (24 Stat. 552), amended
by the act of August 13, 1888 (25 Stat. 433).  The object
in this enactment was to restrict the jurisdiction of the
federal courts, both original and by removal, and to ob-
viate certain abuses in the matter of the assignment of
causes of action in order to confer jurisdiction, and the

2.  SAME: re-
moval to fed-
eral court.

tendency has been toward a strict construction. See *Tennessee v. Union & Planters' Bank*, 152 U. S. 454 (38 L. Ed. 511), and cases cited. The portions of the statutes material to our inquiry may be set out.

"Section 1. That the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or in which controversy the United States are plaintiffs or petitioners, or in which there shall be a controversy between citizens of different states, in which the matter in dispute exceeds, exclusive of interest and cos's, the sum or value aforesaid. * * * Nor shall any circuit or district court have cognizance of any suit, except upon foreign bills of exchange, to recover the contents of any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover the said contents if no assignment or transfer had been made. * * * "Sec. 2. That any suit of a civil nature at law or in equity, arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the circuit courts of the United States are given original jurisdiction by the preceding section, which may now be pending, or which may hereafter be brought, in any state court, may be removed by the defendant or defendants therein to the circuit court of the United States for the proper district. Any other suit of a civil nature at law or in equity, of which the circuit courts of the United States are given jurisdiction by the preceding section, and which are now pending, or

which may hereafter be brought, in any state court, may be removed into the circuit court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that state."

The plaintiff insists that only causes between citizens of different states which might have been brought originally in the state courts may be removed to the federal court. The precise point does not appear to have been before the supreme court of the United States. *Tennessee v. Union & Planters' Bank*, 152 U. S. 454 (38 L. Ed. 511), involved the rights of defendant to remove a cause, the petition in which contained no claim under the constitution or laws of congress, because the defense might be such as to require a construction of these; and in denying that right the court said after referring to the first section of the act: "But the corresponding clause in section two allows removals from a state court to be made only by defendants and of suits of which the circuit courts of the United States are given original jurisdiction by the preceding section thus limiting the jurisdiction of a circuit court of the United States on the removal by the defendant under this section to such suits as might have been brought in that court by the plaintiff under the first section. The change is in accordance with the general policy of these acts manifest upon their face and often recognized by this court to contract the jurisdiction of the circuit courts of the United States." It is to be observed however that a distinction is made in section two between cases like this of diverse citizenship and those arising under the constitution or laws of the United States in that the latter are made removable when the circuit courts "are given original jurisdiction by the preceding section" while the former may be removed when said courts "are given jurisdiction by the preceding section." The omission of the qualifying word "original" seems to have been designed, and compels a different construction. *Mexican National*

*Railroad Co. v. Davidson*, 157 U. S. 201 (39 L. Ed. 672) was a suit to recover the contents of a chose in action by the assignee thereof and in holding it was not removable, the court, speaking through Chief Justice Fuller, said: "The last part of the preceding section provides that no circuit or district court shall have cognizance to recover the contents of a chose in action in favor of an assignee unless such suit might have been prosecuted therein to recover such contents if no assignment had been made; while the second section provides for the removal of suits now pending or which may be hereafter brought in any state court of which the circuit courts are given jurisdic-tion by the first section. * * * We must hold, there-fore, as has, indeed, already been ruled, that the jurisdiction of the circuit courts, on removal by the defendant, under this section, is limited to such suits as might have been brought in that court by the plaintiff under the first section." But by turning to the first section it will be seen that such actions are expressly excluded from the jurisdiction of the circuit courts "unless such suit might have been prosecuted in such court to recover said contents if no assignment or transfer had been made." The limitations mentioned in these decisions, however, were based, not upon matter of procedure, but upon elements made essential to jurisdiction in section one of the Removal Act. These have no application to the numerous causes of action not described between citizens of different states. In *Wahl v. Franz*, 40 C. C. A. 638 (100 Fed. Rep. 680, 49 L. Ed. 62) the issue related to the execution of a will, and, in discussing the motion to remand, the state court (Judge Rogers) referred to the rule of the cases last cited, but the ground of that decision was that the controversy did not involve such a suit as the act contemplated. Judge Sanborn was of opinion that the cause ought not to be remanded, and, of course, necessarily rejected the notion, urged by appellee, that the court may acquire jurisdiction of' actions only

which could have been initiated in that court. The mode adopted in instituting a suit cannot be regarded of controlling importance. The uniform holding has been that procedure prescribed by the state for its own courts cannot deprive the federal courts of their original jurisdiction. *Hyde v. Stone*, 20 How. 170 (15 L. Ed. 874); *Ellis v. Davis*, 109 U. S. 497 (27 L. Ed. 1010); *Mercer Co. v. Cowles*, 7 Wall. 118 (19 L. Ed. 87); *C. & N. W. Railroad Co. v. Whitton*, 13 Wall. 270 (20 L. Ed. 571). In *City of Terre Haute v. Evansville & T. H. R. Co.* (C. C.) 106 Fed. Rep. 545, Judge Baker in considering this question, said: "Nor does the fact that the law of the state requires the questions of law and fact involved in the case to be brought into a court of the state by appeal, instead of by summons or other process, affect the defendant's right of removal. The method of procedure by which a suit is brought or instituted in a court of the state is merely formal and modal, and in no wise affects the right of removal if in other respects the defendant possesses that right. *In re Jarnecke Ditch* (C. C.) 69 Fed. Rep. 161, 163. The subject-matter of this action is properly cognizable in a court of the United States, and the fact that it is required to be brought or instituted in a state court by appeal, instead of by summons or other process, is unimportant."

To confer jurisdiction under the first section of the act quoted but three things are essential: (1) A suit of a civil nature at law or in equity, (2) which must involve at least $2,000, exclusive of interest and cost, and (3) arise between citizens of different states or present some of the other conditions mentioned. See *Wahl v. Franz, supra.* The mode by which an action is commenced is merely formal, and no more is meant by "original cognizance concurrent with the courts of the several states" than authority or jurisdiction to hear and determine the subject-matter involved in such controversies as are enumerated *de novo*; otherwise

the states, by hostile legislation, might deprive the citizen
of the benefit to be derived from an adjudication in the fed-
eral court.    This view is well expressed by Judge Amidon
in *In re Stutsman Co.* (C. C. N. D.) 88 Fed. Rep. 337.    There
the county treasurer was authorized to file a delinquent
tax list with the clerk of the district court of the county,
which would be treated as a complaint, publish notice, and
through appropriate proceedings pass on all defenses inter-
posed, and enter judgments accordingly.    On motion to
remand from the United States circuit court to the state
court the point was made that, as the action might not
have been begun in the federal court, it was not removable
from the state court.    The judge said:  "It has been held
in several decisions that a case cannot be removed into the
federal courts unless it could originally have been begun
there.    *Tennessee v. Union & Planters Bank*, 152 U. S.
454, 462 (14 Sup. Ct. Rep. 654, 38 L. Ed. 511); *Railroad
Co. v. Davidson*, 157 U. S. 201, 208 (15 Sup. Ct. Rep. 563,
39 L. Ed. 672); *In re Cilley* (C. C.) 58 Fed. Rep. 977.
An examination of these decisions, however, will show
that the limitation mentioned is based, not upon matters
of procedure, but upon those elements specified as essential
to jurisdiction in the first section of the acts of 1887 and
1888 (24 Stat. 552; 25 Stat. 433).    To confer original juris-
diction, the following facts, and no others, are necessary:
(1) A suit of a civil nature at common law or in equity.
(2) It must involve at least $2,000, exclusive of interest
and costs.    (3) It must arise wholly between citizens of
different states, or present one of the other conditions
mentioned in the last part of the first section.    A proceed-
ing which presents these elements is within the original
jurisdiction of the federal courts, notwithstanding it may
involve matters of procedure which would prevent its
commencement in those courts.    The section defining the
right of removal makes no reference to suits which might
have been begun in the federal courts, and the phase, "of

which the circuit courts are given jurisdiction by the preceding section," ought not to be considered as requiring elements not mentioned in the preceding section. The jurisdiction of the federal courts cannot be made to depend upon formal or modal matters; otherwise it would be in the power of the states to defeat that jurisdiction entirely by hostile legislation hedging about the commencement of suits by a statutory procedure, which could not be employed in the federal courts. *Railroad Co. v. Jones* (C. C.) 29 Fed. Rep. 193; *In re Jarnecke Ditch* (C. C.) 69 Fed. Rep. 161, 163. It has been uniformly held that matters of procedure are not jurisdictional, but personal, and are subject to waiver by the parties. *Powers v. Railroad Co.*, 169 U. S. 92 (18 Sup. Ct. Rep. 264); *Duncan v. Associated Press* (C. C.) 81 Fed. Rep. 417; *Fales v. Railroad Co.* (C. C.) 32 Fed. Rep. 673. So, notwithstanding the proceeding under the North Dakota statute for the collection of taxes is of such a character, owing to its procedure, that it could not be commenced in the federal courts, the controversy which has been removed by the petitioners presents every element mentioned in the first section of the judiciary act as essential to original jurisdiction, and jurisdiction on removal is therefore complete."

The case at bar was carried to the circuit court of the United States for the Southern district of Iowa, notwithstanding the denial of the application for removal by the district court of Marshall county, and the learned judge there presiding held, in *Kirby v. Chicago & Northwestern Railway Co.* (C. C.) 106 Fed. Rep. 551, the cause to be removable to the federal court. See, also, *Colorado E. R. Co. v. Union Pac. R. Co.*, 56 C. C. A. 263, (94 Fed. Rep. 312); Moon, Removal of Causes, section 75. To hold otherwise would give undue importance to mere matters of procedure, and overlook the substance of these statutes, designed to enable citizens of one state to litigate the subject-matter of controversies with those of others in the

courts of the United States instead of the state court.
How such disputes reach the state courts is immaterial.
If the subject-matter is such as the circuit court may prop-
erly adjudicate in the first instance, it is enough, and the
fact that the method adopted by the state for beginning
actions prevents their commencement in the federal court
will not preclude their transfer to that forum.

III.   But it is urged that the railroad company is in
reality the plaintiff, as it instituted the proceedings orig-
inally.   The statute, as seen, authorizes the appointment
of commissioners on the application of either
the land owner or company.   Either party had
the right to appeal from the assessment to the
district court.   The former could not be deprived of his
property without provision for a judicial proceeding orig-
inally or by appeal.   *Ragatz v. City of Dubuque*, 4 Iowa,
343.   And trial by jury seems to be guarantied by the
constitution.   Section 18, article 1; *Sigafoos v. Talbot*, 25
Iowa, 214.   A trial cannot be said to be waived by failure
to appeal because jurisdiction of the court has not been
invoked.   Indeed, the proceeding, in so far as the district
court is concerned, was initiated by the notice of appeal.
In such a case the court in no sense reviews the previous
findings, but investigates the value of the property taken
*de novo*.   If the assessment is paid, the company may, as
was done in this case, immediately enter into possession.
It then appropriates the right of way.   The only question
remaining is the compensation,—what the company shall
pay.   It is, in effect, an action against the corporation for
the value of the property taken.   The case is not different
than it would have been had the statute authorized the
initiative to be taken in the district court, and damages
for the taking assessed in the first instance in that tribunal.
This is the statutory reason for designating the landowner
plaintiff and the company defendant.   Here the action
was carried to the district court by the plaintiff.   He was

3.  APPEAL: removal: parties.

the party who invoked its jurisdiction, and, as relief was then sought against the company, we think, both by statute, and in the nature of the proceeding it must be regarded the defendant.

IV.   When the petition in proper form was filed, the state court lost and the United States circuit court acquired jurisdiction *eo instante*.   *Chambers v. Ill. Cent. Railroad Co.* 104 Iowa, 238.   At that time no issue as to the right of the company to condemn had been made by the pleadings.   No controversy then existed, save as to the amount of compen-ation which should be paid.   The right to removal necessarily depends on the condition of the record at the time the application is presented.   That the landowner subsequently filed a pleading in the state court questioning the company's right to appropriate the land can have no bearing, for, if the petition for removal was sufficient to transfer the cause as it then stood, it is wholly immaterial what was subsequently done in the state court.   Nor is there anything in the claim of estoppel, suggested by the appellee. Two cases are not pending, nor one case in two courts. The district court of Marshall county lost jurisdiction, and with that appellant is content.   What it is complaining of is that, notwithstanding this, it proceeded to trial, and rendered judgment.   This error was not submitted to the federal court, nor could it be.   Everything done after the removal was without authority.   The appellant had the right to proceed in the circuit court of the United States, and on this appeal it is seeking a ruling not in conflict with that there procured, but in harmony with it.   Appellee's contention would lead to the ridiculous conclusion that in following or taking a cause into the only court having jurisdiction a litigant estops himself from questioning the subsequent proceedings in relation thereto in the court from which removed, and whose acts are, because of want

4.   REMOVAL of:
cause: juris-
diction.

·of jurisdiction, erroneous and void.   The district court
erred in taking any action after the petition for removal
had been filed.—Reversed.