Franklin County v. Jackson.

Opinion delivered December 17, 1928.

R. S. *Wilson* and *Linus A. Williams,* for appellant.

G. C. *Carter,* for appellee.

Smith, J. Appellees presented a claim to the county court of Franklin County for allowance against the county, based upon §§ 9838, 9839, 9840 and 9840A, C. &

M. Digest, as amended by act 219 of the Acts of 1925, page 647. The claim was disallowed by the county court, but was allowed by the circuit court on appeal. The cause was tried in the circuit court on an agreed statement of facts as follows:

Appellees owned four mules, of the value of $125 each, which were, on or about May 1, 1926, bitten by the dog of an unknown owner. The dog was affected with rabies or hydrophobia, and its bite communicated this disease to each of these mules, and caused their death about two or three weeks later. On February 15, 1927, appellees made an affidavit of loss before a justice of the peace of the township in which the mules died. The justice appointed three appraisers, who, on the same day, appraised the mules at $150 each.

The sections of the statute referred to and the amendatory act of 1925 were intended to provide a fund "to indemnify losses sustained from killing or injuring of sheep or other live stock by dogs, where the owner thereof is unknown * * *."

Section 9840, C. & M. Digest, provides for the appraisement of the stock, and reads in part as follows: "Whenever any sheep or any other live stock are killed or injured by dogs, the owner or person having custody of same shall, within forty-eight hours after such killing or injury is made known to him, notify the justice of the peace in whose township the sheep or other live stock are, or were, and make affidavit setting forth the number of sheep or other live stock killed or injured, the kind, grade or quality thereof, and the amount and nature of injury thereto, and that he does not know whose dog caused the damages, if such be the fact * * *."

It thus appears that the statute does not require the owner to make the affidavit within forty-eight hours after the stock are killed or injured by a dog, but to do so "within forty-eight hours after such killing or injury is made known to him," and, according to the agreed statement of facts, the affidavit was not made until more than nine months after the death of the animals. Appellees

admit therefore that the affidavit was not filed within the time required by the statute; but they say this requirement was merely directory, and it was upon this theory that the judgment was rendered from which this appeal comes.

We do not concur in this view. Appellees' right to compensation for the damage done by the dog of an unknown owner is of statutory creation, and the statute which creates the right prescribes the time and manner within which one must proceed to obtain its benefits. It is a general rule that, where a cause of action does not exist at common law, but is created by statute, the right conferred by the statute must be enforced within the time and in the manner and form prescribed by the statute which created it. *Earnest* v. *St. Louis, M. & S. E. Ry. Co.*, 87 Ark. 69, 112 S. W. 141; *Smith* v. *Mo. Pac. Ry. Co.*, 175 Ark. 626, 1 S. W. (2d) 48.

The forty-eight hours given the owner after he is apprised of the killing or injury of his stock to notify the justice of the peace is in the nature of a statute of limitations, and, while it does appear to be unusually short, this was a question which was addressed to and was decided by the Legislature. We might surmise why the time was made so short, but we are neither required nor permitted to do so, as the Legislature, in creating the cause of action, had the right and power to prescribe the time and manner within which it should be enforced. This it did, and, as appellees failed to comply with this statute in the creation of their cause of action, they have no cause of action under the statute.

The judgment of the court below must therefore be reversed, and, as the case has been fully developed, it will be dismissed.