BERTHA S. O'NEAL et al., Appellees, v. STATE OF IOWA et al., Appellants.

No. 41401.

JUNE 24, 1932.

E. R. Hicklin and Arthur Springer, for appellees.

John Fletcher, Attorney-general, Maxwell O'Brien, Assistant Attorney-general, and H. O. Weaver, for appellants.

STEVENS, J.—The record discloses that counsel for condemnor, in due time, accepted service of the purported notice of appeal. The acceptance was on May 8th, 1931, and the notice was filed with the clerk of the district court of Louisa county, the county in which the proceedings were pending, on May 31, 1931. The August term of the district court for Louisa county commenced on August 31st following. On September 10th, the condemnor filed special appearance in which the jurisdiction of the court was challenged upon the ground that no sufficient notice of appeal had been served and filed from the award of the appraisers, and that a petition was not filed on or before the first day of the term. On September 12th, the special appearance was overruled. On the preceding day, September 11th, the landowners, who had appealed from the award, filed a petition in two counts, stating specifically the items of damage and the amount thereof. On September 12th, the date on which the special appearance was passed upon by the district court, the condemnor filed a motion to dismiss the appeal upon the grounds above stated. Resistance to this motion was promptly filed. The motion was overruled. Thereupon, the state of Iowa and the state highway commission, appellants herein, gave notice of appeal from both rulings to this court.

As what we have already said clearly suggests, two propositions are relied upon by appellants for reversal: (a) the alleged insufficiency of the notice of appeal; and (b) the failure of the landowners appealing from the award of the appraisers to the

district court to file a petition on or before the first day of the August term of the district court.

■ Section 7839 of the Code of 1931 provides that:

"Any party interested may, within thirty days after the assessment is made, appeal therefrom to the district court, by giving the adverse party, his agent or attorney, and the sheriff, written notice that such appeal has been taken."

It will be observed that the only requirement of the foregoing statute as to the form of the notice is that it shall be in writing and that it shall state that an appeal has been taken. The notice of appeal, which was directed to the highway commission of the state of Iowa and to the sheriff of Louisa county, recites that the landowners, appellees herein, have taken an appeal to the district court of Louisa county from the award of the appraisers appointed by the Chief Justice upon the application of the highway commission, and that said appeal will come on for hearing at the August 1931 term of the district court of Louisa county.

The alleged defects in the notice of appeal are not specified in the special appearance, but in argument of counsel the following are urged: (a) That the notice did not state where the term of the district court would be held; (b) the date when the term would commence; (c) the date when the petition would be on file; and (d) the date on which the defendants must appear.

The sheriff is required, when an appeal is taken in a condemnation proceeding, to at once file with the clerk of the district court a copy of so much of the assessment as applies to the part appealed from. Section 7840, Code 1931.

It is further provided that:

"The appeal shall be docketed in the name of the owner of the land, or of the party otherwise interested and appealing, as plaintiff, and in the name of the applicant for condemnation as defendant, and be tried as in an action by ordinary proceedings." Section 7841, Code 1931.

The succeeding section, 7841-c1, requires the plaintiff on or before the first day of the term to which the appeal is taken to file a petition stating specifically the items of damage and the amount thereof. There are no other or further provisions of

the statute which in any way throw light upon the form and substance of the notice of appeal. Compliance with the requirements of the statute is, of course, sufficient. Some analogy is sought by counsel in an original notice for the commencement of a civil action.

A notice of appeal is in no sense an original notice. The statute does not in such case contemplate the commencement of an original action in the district court. The statute requires nothing more than that a written notice shall be served upon the adverse party, his agent or attorney, and the sheriff, reciting that an appeal has been taken. The notice in question in the case before us stated that the appeal was taken to the district court of Louisa county from the award of the appraisers appointed by the Chief Justice, and that the same would come on for hearing at the August 1931 term of the district court of Louisa county. The form provided by law for an original notice is essentially different. While the purpose of the respective notices is to bring the cause on for trial in the district court, the proceedings are essentially different. As pointed out in Swan v. McGowan, 212 Iowa 631, in which we reviewed all of our prior decisions, a series of specific requirements are designated by the statute in the case of original notices. These requirements must in such case be strictly complied with.

The precise question we are discussing has not previously been specifically passed upon by this court, but it has been substantially covered by our prior decisions. We said in Robertson v. Eldora R. R. & Coal Co., 27 Iowa 245, that:

"In the absence of statutory directions (for taking an appeal in condemnation proceedings from an award of damages), it seems that any act of the party usually required in cases of appeals from one tribunal to another, sufficiently indicating the intention of the appellant to remove the case by appeal to the higher court, ought to be held sufficient."

Again, in Bremer County Bank v. Bremer County, 42 Iowa 394, which involved an appeal from the action of the board of equalization to the circuit court, we said:

"The statute authorizing an appeal in such cases does not prescribe the formalities to be pursued in order to remove the cause from the board of equalization to the Circuit Court. Pro-

per notices of the appeal were served. These gave the Circuit Court jurisdiction."

The form of the notices served in that case is not set out in the opinion. See also City of Marion v. Investment Co., 122 Iowa 629; Simons v. Mason City & Ft. D. Railway Co., 128 Iowa 139. In the absence of more definite statutory requirements, the notice of appeal in the present instance was clearly sufficient, and gave the district court jurisdiction of the appeal. The strict requirements of the statute relative to original notices have no application to a notice of appeal by a property owner in condemnation proceedings. They are essentially different, and so made by the legislature. Compliance with statute is all that is required. The provision that the action shall be tried as in ordinary actions has no relation whatever to the notice of appeal. The doctrine and holding of the court in Thorson v. City of Des Moines, 194 Iowa 565, and Johnson v. Board of Supervisors, 213 Iowa 988, are based wholly upon strict statutory requirements.

II. There is a close analogy between the requirements of the statute as to the filing of a petition on appeals from condemnation proceedings and appeals in drainage cases. Section 7517 of the Code of 1931 requires the party aggrieved by the final action of the board of supervisors involving his rights in a drainage proceeding, to file a petition, in case of appeal, on or before the first day of the succeeding term of court to which the appeal is taken, and that "a failure * * * to file such petition shall be deemed a waiver of the appeal and in such case the court shall dismiss the same."

It is provided by Section 11057, Code 1931, that if a petition is not filed by the date fixed in an original notice of the commencement of a civil action and ten days before the commencement of the term, the defendant may have the action dismissed. No similar provision is found in the statute relating to appeals from condemnation proceedings. The appeal is taken by the mere service of a notice stating that fact. Even the filing of the transcript by the sheriff as required by the statute is not essential to the jurisdiction of the district court.

We said in Simons v. Mason City & Ft. D. Railroad Co., 128 Iowa 139, that the court acquires jurisdiction by the service of a notice of appeal, and that the only object in docketing the

case is to prevent delay and secure a trial in regular order. A transcript is not really required to be filed until the case is reached for trial. See also City of Marion v. Inv. Co., supra. Likewise, the requirement that a petition be filed is procedural only, and in no sense jurisdictional. The defendant in a civil action, whether at law or in equity, may waive the failure of the plaintiff to file a petition within the time fixed by statute. The strictness required in the proceedings necessary to confer jurisdiction upon a tribunal to have and determine a controversy is neither required nor observed in matters thereafter strictly procedural. This is well illustrated in drainage proceedings. For example, we held in Elwood v. Sac County, 156 Iowa 407, that the failure of one appealing from the order of the board of supervisors establishing a drainage district to file a petition on the day fixed by statute will not necessarily work a dismissal of the case. In the above case, the petition was filed the second day of the term, but before a ruling was had upon a motion to dismiss. Following the Elwood case, we held in Reichenbach v. Getty, 163 Iowa 25, that the party appealing in a drainage proceeding satisfactorily excused his failure to file a petition on the first day of the term. In each of the foregoing cases, the statutory requirement that a petition be filed was held to be procedural only, and not jurisdictional. A contrary result was reached in Stewart v. Board, 183 Iowa 256, but in that case, emphasis was given to the fact that the motion to dismiss was filed prior to the filing of the petition. No question of jurisdiction was discussed. As having some bearing upon the question before us, see Arthaud v. Griffin, 205 Iowa 141; Iowa Farm Credit Corp. v. Sawyer, 210 Iowa 43; Dudley v. Minnesota & N. W. Ry. Co., 77 Iowa 408; Haggard v. Ind. School District, 113 Iowa 486.

In the present case, the appearance of counsel for the highway commission, appellant herein, was entered in the district court on the opening day of the term. Both the special appearance and the motion to dismiss, as already stated, were resisted, and there is nothing in the record tending in any way to indicate that either party had any intention of waiving their rights, or of abandoning the litigation. A petition was filed on the day preceding the date on which the motion to dismiss was filed. No prejudice resulted from the delay. We are, therefore, for the

reasons stated, satisfied that the ruling of the court upon the special appearance and motion to dismiss was proper, and must be affirmed.—Affirmed.

WAGNER, C. J., and FAVILLE, DE GRAFF, ALBERT, and KINDIG, JJ., concur.