[Civil No. 4360.   Filed March 3, 1941.]

[110 Pac. (2d) 960.]

STATE OF ARIZONA ex Rel. D. C. O'NEIL, THAD M. MOORE and C. WARREN PETERSON, Members of and Constituting the State Tax Commission of Arizona, Petitioners, v. WILLIAM G. HALL, Judge of the Superior Court of the State of Arizona in and for the County of Pima, and THE SUPERIOR COURT OF THE STATE OF ARIZONA in and for the County of Pima, Respondents.

Mr. Joe Conway, Attorney General, and Mr. Edward P. Cline, Assistant Attorney General, for Petitioners.

Messrs. Armstrong, Kramer, Morrison & Roche, Mr. W. T. Elsing, Mr. Robert R. Weaver and Messrs. Darnell, Pattee & Robertson, for Respondents.

LOCKWOOD, C. J.—The state of Arizona, on the relation of D. C. O'Neil, Thad M. Moore and C. Warren Peterson, as members of and constituting the state tax commission of Arizona, hereinafter called petitioners, filed an original proceeding in this court asking for a writ prohibiting the Honorable William G. Hall, as judge of the superior court of Pima county from entertaining or considering a proceeding brought in the superior court of that county by Tucson Title Insurance Company, hereinafter called the company, under the provisions of sections 73–1540 and 73–1544, Arizona Code, 1939, to review an order of petitioners denying to the company a refund of income taxes for the years 1934, 1935 and 1936. The petition is based on the contention that the superior court has no jurisdiction to consider the proceeding for the reason that the statute upon which it was founded is unconstitutional. It is urged that the jurisdiction of the superior court cannot be enlarged by the legislature and is limited to matters of the character set forth in section 6 of article VI of the Constitution, which reads, so far as material, as follows:

"(Jurisdiction of superior courts). The superior court shall have original jurisdiction in all cases of equity and in all cases at law which involve the title to, or the possession of, real property; or the legality of any tax, impost, assessment, toll, or municipal fine, and in all other cases in which the demand or the value of the property in controversy amounts to two hundred dollars exclusive of interest and costs, and in all criminal cases amounting to felony, and in all

cases of misdemeanor not otherwise provided for by law; of actions of forcible entry and detainer; of proceedings in solvency; of actions to prevent or abate nuisance; of all matters of probate; of divorce and for annulment of marriage; and for such special cases and proceedings as are not otherwise provided for.

"The superior court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court; and said court shall have the power of naturalization and to issue papers therefor. Said court shall have such appellate jurisdiction in cases arising in justices' and other inferior courts in their respective counties as may be prescribed by law. The process of said court shall extend to all parts of the State.

.  .  .  .  .  .  .  .  .  .  .  .  .  .

"Superior courts and their judges shall have the power to issue writs of *mandamus, quo warranto,* review, *certiorari,* prohibition, and writs of *habeas corpus* on petition by, or on behalf of, any person in actual custody in their respective counties. Injunctions, attachments, and writs of prohibition and of *habeas corpus* may be issued and served on legal holidays and non-judicial days. Grand juries shall be drawn and summoned only by order of the superior court."

It is then claimed the proceeding instituted by the company is appellate in its nature and not an original proceeding, and that the section of the Constitution above set forth does not permit appeals to the superior court from any administrative tribunal, but only from justices' and other inferior courts.

Respondent has answered contending (a) that while the legislature may not limit or diminish the jurisdiction of superior courts, as set forth in the constitutional provisions above cited, it may add thereto, and (b) even if it may not, the proceeding brought by the company is an original "proceeding" jurisdiction

of which has not been "by law vested exclusively in some other court."

Assuming for the purpose of the argument, but without deciding, that petitioners are correct in their contention that the superior court may not be given appellate jurisdiction over the actions of administrative bodies such as the tax commission, let us consider whether the proceeding set forth in sections 73–1540 and 73–1544, *supra,* is truly an appeal in the legal sense of the term, as insisted by petitioners, or whether, as contended by respondent, it is an original proceeding in the superior court. If it be the latter, it is admitted by petitioners that under the rule laid down in *State* v. *Inspiration Consol. Copper Co.,* 20 Ariz. 503, 181 Pac. 955, the writ should be denied. Therein we considered an appeal from a proceeding brought in the superior court under par. 4887, Revised Statutes of Arizona 1913, to review the valuation fixed by the tax commission on the property of the defendant in the proceeding. It was urged that there could be no appeal to this court, for the reason that the proceeding in the superior court was not an original one, although in that case the contention presented in the present case that the superior court had no jurisdiction to review the action of the tax commission was not before the court. Par. 4887, *supra,* on which the proceeding was brought in the superior court, reads in part as follows:

"Any person, firm or corporation, dissatisfied with the amount of his, their, or its assessment as fixed by the board of equalization, may appeal from the action of said board to the superior court of the county in which said board holds its sessions, on or before the fifteenth day of September following the adjournment of said board. . . . "

We held that notwithstanding the proceeding was denominated an "appeal," it was in reality the initia-

tion of an original proceeding in the superior court, and that such being the case, the Supreme Court had a right to entertain an appeal from the decision of the superior court, under the provisions of section 4 of article 6 of the Constitution. *Commonwealth* v. *Deford Co.,* 137 Va. 542, 120 S. E. 281; *DeFlumeri* v. *Sunderland,* 109 Conn. 583, 145 Atl. 48; *In re McInerney,* 47 Wyo. 258, 34 Pac. (2d) 35.

But, say petitioners, the proceeding under par. 4887, *supra,* was a trial *de novo* on the merits in all respects, and could, therefore, properly be called an original proceeding, while the one set forth in section 73–1540, *supra,* is in no manner a trial *de novo,* but in the truest sense an appeal, and the rule laid down in the Inspiration Consol. Copper Co. case, *supra,* does not apply. Section 73–1540, *supra,* reads, so far as material, as follows:

"Court review: (b) an appeal from a decision of the commission shall be taken to the superior court of the county in which the taxpayer resides, within twenty (20) days after written notice to the taxpayer of such decision has been given by registered mail, by serving a notice of appeal and a copy thereof on the commission. . . .

"(c) Within twenty (20) days after the service of such notice, the commission shall return to the court the original or a certified or photostatic copy of all documents, papers, evidence, statements and exhibits on file in the matter and of all testimony taken therein.

"(f) . . . said appeal may thereupon be brought on for hearing by either party, . . . upon the record made before the commission and not otherwise. . . .

"(g) In all actions to contest the validity of income assessments the proceedings of the commission shall be presumed to be legal, and its determination shall not be impaired, vitiated or set aside upon any grounds not affecting the legal groundwork of the tax. If the court, disregarding any irregularity, informality or omission not affecting the legal groundwork of the tax, shall find that the assessment complained of was

neither in whole nor in part illegal, it shall enter an order confirming the assessment and directing judgment in accordance with the terms of the order. If it shall find that the assessment is in whole or in part illegal it shall direct the commission to make such corrections as it may deem necessary. . . . ''

In this proceeding the matter must be determined solely on the record made in the hearing before the commission, but it is clear that while the presumption is that the proceedings of the commission are legal, yet the court reaches its own conclusion as to the facts shown by the record and the law applicable thereto entirely independent of that reached by the commission, and that it is not bound to adhere to the usual rule followed by an appellate court, that the findings of fact of the lower tribunal, if supported by any reasonable evidence, are conclusive on the appeal. It is, therefore, a trial *de novo* but upon a certain record fixed by law. Does this deprive it of its nature of an original ''case or proceeding''?

■■ It is plain upon an examination of section 6 of article 6, *supra,* that the ''cases and proceedings'' referred to therein are only matters which by law are triable before some court. A disputed matter, therefore, does not become a ''case or proceeding'' until the law provides for a hearing before a court. *Blyew* v. *United States,* 13 Wall. 581, 80 U. S. 581, 595, 20 L. Ed. 638; *Osborn* v. *United States Bank,* 9 Wheat. 738, 22 U. S. 738, 6 L. Ed. 204; *Muskrat* v. *United States,* 219 U. S. 346, 31 Sup. Ct. 250, 55 L. Ed. 246. Thus it follows logically that when any matter is first judicially determined in a court of some nature, that court is said to have ''original'' jurisdiction thereof. The proceeding set forth in section 73–1540, *supra,* is a special one of purely statutory origin, and in such cases the law which gives the right of action may provide a special method of procedure and special rules

as to the evidence admissible, subject only to the fundamental principles of equity and justice. *Haines* v. *Fearnley,* 51 Colo. 317, 117 Pac. 162; *Jefferson County Farm Bureau* v. *Sherman,* 208 Iowa, 614, 226 N. W. 182; *Getzen* v. *Sumter County,* 89 Fla. 45, 103 So. 104; *Franklin County* v. *Jackson,* 178 Ark. 689, 11 S. W. (2d) 480; *Texas Indemnity Ins. Co.* v. *Smith,* (Tex. Civ. App.) 73 S. W. (2d) 578.

In the present case it is provided that upon the first appearance in any court of the matter under investigation it shall be heard upon a record made in a certain manner. We see no reason why the legislature has not this power, and, having set up a special action based upon a prescribed record, we think the fact that the record upon which it is tried is not similar to that which would appear in an equitable or common law proceeding does not deprive it of its "original" nature in a constitutional sense. We hold, therefore, that the proceeding set forth in section 73–1540, *supra,* is, within the meaning of section 6 of article 6, *supra,* an "original" one and that the superior court has constitutional jurisdiction thereof.

The alternative writ heretofore issued is quashed.

McALISTER and ROSS, JJ., concur.