IN RE CONDEMNATION OF PROPERTY at West Fourth and Locust Streets (Des Moines).

GEORGE ANTHONY MAZZOLI et ux., appellees, v. CITY OF DES MOINES, appellant.

No. 48445.

(Reported in 63 N.W.2d 218)

MARCH 9, 1954.

Harold H. Newcomb, Corporation Counsel, Harris M. Coggeshall, City Solicitor, and Frank D. Bianco, Assistant City Solicitor, all of Des Moines, for appellant.

Kalmun Musin and Ralph J. Bellizzi, both of Des Moines, for appellees.

HAYS, J.—Appeal from order overruling defendant's special appearance attacking the jurisdiction of the trial court to entertain plaintiffs' appeal under section 472.18, Code of 1950. Rule 332, R. C. P., was complied with.

The City of Des Moines, as authorized by chapter 390, Code of 1950, instituted condemnation proceedings against a leasehold interest in realty located at 410 Locust Street in said city. As required by sections 390.3 and 403.9 (unless otherwise stated, all references are to the 1950 Code), the procedure followed was that set forth in chapter 472.

Section 472.17 states that the commissioners' appraisement is final unless appealed from. Section 472.18 provides: "Any party interested may, within thirty days after the assessment is made, appeal therefrom to the district court, by giving the adverse party, his agent or attorney, and the sheriff, written notice that such appeal has been taken." Section 472.19 requires that the notice of appeal be served in the same manner as an original notice.

July 16, 1953, the commissioners made the appraisement of damages. August 14, 1953, appellees delivered to the sheriff's office a notice of appeal addressed to the "City of Des Moines, Iowa, and Tom Reilly, Sheriff of Polk County." The return of service states the same was served on the sheriff on August 14, 1953, and on the City of Des Moines on August 18, 1953. The principal question raised by the special appearance, and presented by this appeal, is whether the appeal was taken within the thirty-day period authorized by section 472.18.

I. All parties concede that the appellant was not actually given notice within the thirty days. Appellees, however, assert that the "thirty days provision" is a limitation on the remedy; that the giving of notice is the commencement of the action; and that, under rule 49, R. C. P., the same was commenced in time. We find no merit in this claim.

While generally speaking the jurisdiction of the district court is general and original, section 604.1, it is in certain matters appellate, section 604.2. Section 472.1 states: "The procedure for the condemnation of private property * * *, unless and except as otherwise provided by law, shall be in accordance with the provisions of this chapter." Section 472.3 provides: "Such proceedings shall be instituted by a written application filed with the sheriff * * *." It is clear that exclusive jurisdiction is placed in the sheriff and commissioners and that only by the process of appeal does the district court obtain jurisdiction over both the subject matter and the parties. Its jurisdiction is appellate only.

II. Assuming that the thirty-day period is a limitation on the remedy by the appeal, and that the giving of notice of appeal is the commencement of an action, in that by such notice the

first court proceedings are commenced, an examination of our statutes and decisions shows that it is not such a limitation or action as is contemplated by rule 49, R. C. P.

Rule 48, R. C. P., states that a civil action is commenced by serving the defendant with an original notice. Rule 49 states: "For the purpose of determining whether an action has been commenced within the time allowed by statutes for limitation of actions, whether the limitation inheres in the statute creating the remedy or not, the delivery of the original notice to the sheriff of the county * * * shall also be deemed a commencement of the action." To commence an action under rule 48 one must serve the adverse party with a notice which conforms with the requirements of rule 50, R. C. P. It will be noted that rule 49, R. C. P., speaks of "the delivery of the original notice", and in 1 Cook, Rules of Civil Procedure, Author's note to rule 49, it is said: "It is believed that the notice here required must be one which contains all the statements required in Rule 50." This we think is the clear intent of the rule, and we so construe it.

Section 472.18 merely requires that written notice be given that an appeal has been taken. In O'Neal v. State, 214 Iowa 977, 243 N.W. 601, the question involved was the type of notice required by section 472.18. At page 980 of 214 Iowa, page 603 of 243 N.W., we said:

"A notice of appeal is in no sense an original notice. The statute does not in such case contemplate the commencement of an original action in the district court. The statute requires nothing more than that a written notice shall be served * * *. * * * While the purpose of the respective notices is to bring the cause on for trial in the district court, the proceedings are essentially different."

There can be no other logical conclusion than rule 49 is not applicable to the type of action here contemplated. It is our conclusion and we so hold that the notice of appeal was not given within the time required by section 472.18 and that the district court did not obtain jurisdiction over the subject matter of the proceedings. The special appearance should have been sustained.

While appellant also questions the service had upon the sheriff, and the appellees contend appellant waived error, if any, in overruling the special appearance by filing a subsequent motion, these matters are moot in view of our pronouncements herein.

For the reasons above-stated the ruling of the trial court is reversed and the cause remanded with instruction to enter judgment in accordance herewith.—Reversed and remanded.

GARFIELD, WENNERSTRUM, MULRONEY, and THOMPSON, JJ., concur.

SMITH, J., BLISS, C. J., and OLIVER and LARSON, JJ., dissent.

SMITH, J. (dissenting)—The majority opinion holds the district court had only appellate jurisdiction, acquired by a notice of appeal instead of an original notice, and therefore the thirty-day limitation on plaintiffs' right to a judicial determination of their damages was not tolled under rule 49, R. C. P., by delivery of the notice to the sheriff for service. I cannot concur.

Rule 49, in the division on "Commencement of Actions", provides in effect that limitation of actions, "whether the limitation inheres in the statute creating the remedy or not," is tolled by "delivery of the original notice to the sheriff." Under Code sections 472.18 and 472.19 either party to a condemnation proceeding may "appeal" to the district court from the appraisement of damages within thirty days after the assessment is made by the commissioners appointed by the sheriff.

I. Notwithstanding the Code calls it an "appeal" the jurisdiction of the district court is in no legal sense "appellate." The resort to the court is the "commencement of an action" by every legal standard. The fact that the statute designates it as an "appeal" does not, ipso facto, confer "appellate" jurisdiction on the court. Investor's Syndicate of America v. Hughes, 378 Ill. 413, 38 N.E.2d 754, 757. "Appellate jurisdiction is the attribute of a court created for reviewing the decisions of inferior courts, and not of inferior bodies nonjudicial in character." Maxwell v. People ex rel. Freise, 189 Ill. 546, 557, 59 N.E. 1101, 1105;

North Chicago Hebrew Cong. v. Board of Appeals, 358 Ill. 549, 193 N.E. 519, 520.

The courts have with practical unanimity recognized that an "appeal" to the court from an administrative board or tribunal is in reality the initiation of an original proceeding, and not an invocation of appellate jurisdiction. See State ex rel. O'Neil v. Hall, 57 Ariz. 63, 110 P.2d 960, 962, 963; Warren v. Indiana Tel. Corp., 217 Ind. 93, 26 N.E.2d 399, 404; In re Determination of Relative Rights, 165 Ore. 435, 101 P.2d 425, 108 P.2d 276, 281; State ex rel. Standard Oil Co. v. Review Board, 230 Ind. 1, 101 N.E.2d 60, 66; Booth v. Texas Employers' Ins. Assn., 132 Tex. 237, 123 S.W.2d 322, 328; People ex rel. Nelson Bros. Stor. & Furn. Co. v. Fisher, 373 Ill. 228, 25 N.E.2d 785, 787; Kentucky-Tennessee L. & P. Co. v. Dunlap, 181 Tenn. 105, 178 S.W.2d 636, 639, 640.

The applicability of this proposition to condemnation proceedings in which an administrative body has assessed the property owner's damages and an "appeal" from the award to a nisi prius court is then allowed is well established. The Supreme Court of the United States says:

"The proceeding * * * before the commissioners * * * was in the nature of an inquest to ascertain its [the condemned property's] value, and not a suit at law in the ordinary sense of the term. But when it was transferred to the District Court by appeal from the award * * * it took * * * the form of a suit at law * * *. The case would have been in no essential particular different had the State authorized the company [condemner] by statute to appropriate the particular property in question, and the owners to bring suit * * * for its value." Boom Co. v. Patterson, 98 U. S. 403, 406, 407, 25 L. Ed. 206.

See also State ex rel. Weltmer v. Taylor, 42 N.M. 405, 79 P.2d 937, 941; Myers v. Chicago & N.W. Ry. Co., 118 Iowa 312, 315, 316, 91 N.W. 1076, 1078; Chicago, R.I. & P. R. Co. v. Stude (January 18, 1954) 346 U. S. 574, 74 S. Ct. 290.

Our statute requires the "appeal" to be docketed "in the name of the owner of the land" as plaintiff and against the con-

demner, notwithstanding the latter initiates the administrative proceeding. Code section 472.21.

Code section 611.1 provides "Every proceeding in court is an action, and is civil, special, or criminal"; and if it be between a plaintiff and defendant for "the enforcement or protection of a private right" it is a civil action. Code section 611.2.

The assumption by the majority that this was an "appellate" proceeding in the district court and not an original action is clearly unsupported by any authority except the naked language of the statute that calls it an "appeal." The language of the opinion in Myers v. Chicago & N.W. Ry. Co., supra (118 Iowa, pages 315 to 317) definitely repudiates such a worship of words without reference to context. Regardless of the name by which it is called the proceeding in district court is an original action and not an appellate proceeding.

I doubt if any lawyer would argue there was an action before the commissioners. The proceeding in court is the property owner's first real opportunity to be heard. All before that, including the determination that the taking is for a public purpose, is practically ex parte and purely administrative.

We said in Myers v. Chicago & N.W. Ry. Co., supra (118 Iowa, at pages 315, 316): "From these statutes it plainly appears that the proceeding before the commissioners appointed by the sheriff to appraise the land is not a suit at law, but in the nature of an inquest to ascertain its value. No hearing is had, and no evidence introduced."

II. But, the majority opinion says, this action is not within rule 49 because the notice delivered to the sheriff was a "notice of appeal" whereas the rule says delivery of the "original notice" to the sheriff "shall also be deemed a commencement of the action."

The notice, whatever it be called, surely commenced an action. It served the purpose of an original notice. Rule 48. It contained every essential required by rule 50 to classify it as an original notice. It was directed to defendant and was properly signed; it stated the petition was on file; it contained an adequate general statement of the cause of action, the relief demanded; and stated the case would be set for trial at the September 1953 term, giving the date of term commencement.

It was to be served in the same manner as an original notice (Code section 472.19) and was delivered to the proper official for such service in ample time to have been actually served within the limitation imposed by Code section 472.18.

It may be conceded it might have contained less and still have been sufficient to commence the action. O'Neal v. State, 214 Iowa 977, 980, 243 N.W. 601. Whether, had it contained the bare essentials necessary to give the district court jurisdiction, it would still have come under rule 49, we need not determine here.

I think the important fact here is that it was sufficient to commence the action. We should not attach to the name "original notice", as contained in the rule, any other or greater significance than necessary to designate the instrument, service of which would be sufficient to commence the action.

There seems no logical reason for limiting the salutary provision of the rule to cases requiring service of notice containing all the technical requirements specified by rule 50. Had that classification been the purpose of rule 49 it should have been accomplished by more direct and explicit language. Nor does there appear any logical reason for so limiting rule 49. Clearly it was designed to furnish a clear and definite method by which a litigant could make sure his case was commenced within the requirement of a limitation statute. It authorizes him to rely on the diligence of the sheriff and protects him if the sheriff be dilatory.

But however we construe the rule when the notice is sufficient under Code section 472.18 but not under rule 50, we have here a notice delivered to the sheriff that met all the specifications of both rules 49 and 50 and we should hold it was, in fact, even though not in name, an original notice.

III. It was suggested by defendant that the thirty-day limitation in Code section 472.18 is not such a "statute of limitations" as is contemplated by rule 49. The rule is the same as was the statute in all our Codes prior to adoption of our Rules of Civil Procedure except in two respects: (1) The statute was always carried in the Code chapter on "Limitation of Actions"; and (2) the rule now contains the additional words "whether the limitation inheres in the statute creating the remedy or not."

As thus carried but without those added words the tolling provision was held not applicable to a limitation imposed by the statute creating the right. This was on the theory that such a provision was not a mere limitation but constituted a part of the right itself. Hawley v. Griffin, 121 Iowa 667, 679 et seq., 92 N.W. 113, 97 N.W. 86.

As pointed out 1 Cook, Rules of Civil Procedure, page 308, Author's Comment, it is now "immaterial whether the bar of the action is, technically, a mere limitation, or is part of the right itself." The rule applies "whether the limitation inheres in the statute creating the right or not."

If rule 49 as now written be not applicable in actions of this kind it should be reworded to make it so. But I think it is applicable in the instant case and we should so hold. Defendant should be required to respond in such damages as may be judicially determined. I would affirm.

BLISS, C. J., and OLIVER and LARSON, JJ., join in this dissent.