F. A. REICHENBACH, Appellant, v. G. H. GETTY, County
Auditor, and THE BOARD OF SUPERVISORS OF BOONE
COUNTY, Iowa, Appellee.

**Drainage:** APPEAL: DELAY IN FILING PETITION. Although one appeal-
ing from the action of the board of supervisors fails to file his
petition in the district court on the first day of the succeeding
term, as provided by statute, such failure will not create an absolute
right of dismissal, unless the court determines that he was guilty
of such delay as would amount to a waiver of the appeal.

**Same.** Where the appellant did not file his petition by the first day of
the term, but it appeared that negotiations of settlement were
pending until the commencement of the term, and a week later the
petition was tendered with objections to the motion to dismiss the
appeal, the appellant was entitled to be heard on the merits of
the case.

*Appeal from Boone County District Court.*—HON. C. G. LEE,
Judge.

THURSDAY, NOVEMBER 13, 1913.

FROM an order and judgment dismissing the appeal from
an assessment for drainage benefits, this appeal is taken.—
*Reversed.*

*Whitaker & Snell,* for appellant.

*D. G. Baker,* for appellees.

WITHROW, J.—I. Certain lands owned by appellant in
Boone county were regularly subjected to assessments for bene-
fits resulting from the establishing of a drainage system under
the statutory provisions. Being dissatisfied with the assess-
ment, he served notice of appeal, and filed his appeal bond,

such being done in March, 1912, and transcript of the County Auditor was filed in the district court April 18, 1912, certifying to the bond and notice of appeal, at which time the filing fee was paid. The next following term of the district court in Boone county opened on April 29th. Prior to that time, and up to the second day of the term, appellant had filed no petition setting forth the order or decision of the Board of Supervisors appealed from, with his claims and objections thereto, as provided by section 13, chapter 118, Acts 33rd General Assembly. On the second day of the April term, which was on the 30th day of the month, the appellees filed in the district court a motion to dismiss the appeal because of failure to file petition within the time fixed by statute. On May 6th the appellant filed his resistance to the motion which resistance was verified, and in substance stated that efforts had been pending between himself and the Board of Supervisors looking to a settlement of their differences, and pending such, and relying upon the belief that a settlement would be reached, and the assurances that there would be a settlement, he had taken no further steps to perfect his appeal by filing his petition; that the efforts towards a settlement did not finally fail until May 3rd. With his resistance the appellant tendered his petition, but the same does not appear to have been actually filed. The appellees filed what they termed a reply to the resistance, duly verified, and denying all averments not expressly admitted. They stated that on April 26, 1912, they proposed to plaintiff, this appellant, to reduce his assessment to $125, or to leave the matter to three disinterested persons, informing him that the proposition must then be accepted or all negotiations would end, and that the appellant then said such proposition would not be accepted. They aver that appellant knew on that date that if he secured relief it only could be by perfecting his appeal. Upon this record the trial court sustained the motion to dismiss the appeal, and from such ruling this appeal has been taken.

II.   The provision of the statute applicable to appeal from an assessment made by the Board of Supervisors in drainage cases is as follows: "On or before the first day of the next succeeding term of the district court, the appellant shall file a petition setting forth the order or decision of the board appealed from and his claims and objections relating thereto; a failure to comply with these requirements shall be deemed a waiver of the appeal, and in such case the court shall dismiss the same."

1. DRAINAGE: appeal: delay in filing petition.

The ruling of the trial court was made prior to the decision of this court in *Elwood v. Board of Supervisors,* 156 Iowa, 407. In that case it was held that the appeal was perfected by the filing of the notice and giving bond; that, upon such being done, the auditor must make and file a transcript, and, upon the filing fee being paid, the clerk must docket the case, and that on or before the first day of the next term of court the petition should be filed. We then held that the filing of the petition was not jurisdictional; that the provision as to the dismissal of the petition was in the nature of a penalty; and that a strict construction of the statute should be made, to avoid the imposition of the penalty, so long as the court should find that there had not been a want of diligence and vigilance by the appellant in the protection of his rights. That case holds that, "while the right to a dismissal is *prima facie* absolute, the power and discretion remain to refuse dismissal, and to direct the cause to be placed on the calendar for trial." Without further quoting from that decision it is enough to say that it must be held decisive of appellant's right to be heard in the lower court on his appeal, unless it shall be determined that by his acts appellant had been guilty of such delay as would be held to amount to a waiver of his right of appeal.

III.   There was, as is evident from the affidavits filed, sharp dispute upon the question whether appellant had been

misled into delay in filing his petition. Under the proof presented the trial court could well have found that negotiations for a settlement had ended three days before the opening of the term of the district court. A finding of fact that they did not finally terminate until after the opening of the term would have had support. That there were efforts towards a settlement is undisputed, and that they continued at least up to within three days of the opening of the court is also clear. Covering the disputed period of about one week, there was disagreement in the evidence, which could well cause perplexity to the trial court in determining the question as one of fact. It was therefore not a mere exercise of discretion, but, so far as we can ascertain from the record before us, a determination of rights or a question of fact, and also in possibly viewing the statute as mandatory, rather than as an exercise of discretion. In this view, together with the fact that even at the farthest there was no unreasonable delay in tendering the petition, which may properly be treated as a filing, should the court have consented to it, we conclude that, in harmony with the purpose of the statute as construed in the cited case, the appellant has the right to be heard upon the merits of his appeal, which by the filing of the transcript, following his notice of appeal and giving bond, had been fully perfected.

2. SAME.

The ruling and judgment of the trial court dismissing the appeal is *Reversed.*

WEAVER, C. J., and DEEMER and GAYNOR, JJ., concur.