No. 22,264.

L. O. WHETZELL, *Appellee*, v. THE ATCHISON, TOPEKA &
SANTA FE RAILWAY COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. MASTER AND SERVANT—*Dangerous Place to Work—Contributory Negligence.* The rule is followed that a workman ordered into a place of danger and injured is not, by obeying such order, guilty of contributory negligence, unless the danger is so plain that no prudent man would encounter it.

2. SAME—*Pleadings.* The allegations of the pleading involved herein do not, as against a demurrer, show a fatal lack of prudence on the part of the workman, but present a question for determination by a jury.

Appeal from Reno district court; FRANK F. PRIGG, judge.
Opinion filed July 5, 1919. Affirmed.

*William R. Smith, Owen J. Wood,* and *Alfred A. Scott,* all of
Topeka, for the appellant.

*F. Dumont Smith,* of Hutchinson, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff appeals from an order overruling its demurrer to the first count of the plaintiff's amended petition. This pleading, in substance, alleged that the plaintiff, twenty-nine years old, in perfect health and capable of performing any kind of manual labor, had been employed by the defendant in connection with its boilers and pumping plants at various points on the defendant's line of road; that on the day of the injury the defendant was having its boilers in Hutchinson repaired, and the basement of the building cleaned out of brick and other refuse; that the foreman of the work ordered the plaintiff to help remove this rubbish with a wheelbarrow, which was out of the ordinary line of his employment, and which was work to which he was not accustomed; that the defendant negligently put in a plank, placed at an incline from the floor of the basement to an opening above ground, over which the plaintiff was required to wheel the barrow loaded

19—105 KAN.

with brick; that the plank was too narrow for the purpose and was insufficiently based and supported; that whitewash had been splashed on the floor of the basement, some of which had gotten on the plaintiff's shoes and made them slippery, without his knowledge; that in attempting to wheel the barrow up the plank his feet slipped and he was injured; that he was acting under the direction of the foreman; and—

"That the said injury was caused in part by the leaving of the lime on the floor, . . . and in part by the fact that the said plank was too narrow and not sufficiently supported for the purpose for which it was used."

The defendant contends that this tells a story of known danger into which the plaintiff went at his own risk, and authorities are cited to sustain the contention.

The plaintiff insists that, by well-settled principles, a workman acting under the immediate direction of his foreman, under the circumstances described, is not barred from recovery, unless the risk was so apparent that with prudence it would not have been incurred, and that this is a question for the jury.

The allegations are such that much can be said, and many authorities cited, on both sides, but under the rule of liberality accorded to a petition as against a primary attack by demurrer, the express allegations of the cause of the injury and the presence and direction of the foreman were sufficient to justify the introduction of evidence for the submission of the case to a jury. The general rule applicable was stated in *Wurtenberger v. Realty Co.*, 68 Kan. 642, Syl. ¶ 2, 75 Pac. 1049:

"Where a master orders a servant into a situation of danger, and, in obeying the command, he is injured, the law will not charge him with contributory negligence or with an assumption of the risk, unless the danger was so glaring that no prudent man would have encountered it, even under orders from one having authority over him."

The same rule was announced in *Railroad Co. v. Morris*, 76 Kan. 836, Syl. ¶¶ 2, 3, 93 Pac. 153, with the addition that in such cases reasonable care and prudence are questions for the jury.

(See, also, *Carillo v. Construction Co.*, 81 Kan. 823, 106 Pac. 1050; *Young v. Railway Co.*, 82 Kan. 332, 108 Pac. 99; *Drake v. Street Railway Co.*, 96 Kan. 727, 729, 153 Pac. 539.)

Of course, if the allegations show, as a matter of law, that the plaintiff was fully cognizant of the situation and danger,

Construction Co. v. Board of Administration.

and took his chances, no cause of action is shown; but in view of the averments of the danger and his own ignorance thereof, and the newness of the work to him, he stated a case proper for the determination of a jury.

The order overruling the demurrer is affirmed.