IN THE MATTER OF THE APPLICATION OF THE BOARD OF RECREATION COMMISSIONERS OF WEST NEW YORK FOR THE TAKING OF LANDS OF DIECKMANN ET AL.

Argued March 3, 1925—Decided February 23, 1926.

**Eminent Domain—Use of Photographs to Show Condition of Land—Though Photographs May be Evidential to Show General Conditions, They Were Here Introduced to Show Special Conditions at a Particular Spot—Jury Not Permitted by Court to View Directly—Venire De Novo May Issue.**

On appeal from the Hudson Circuit Court in an eminent domain matter.

Before Justices PARKER and KATZENBACH.

For the appellant Dieckmann, *Elmer W. Demarest.*

For the respondents, *Besson, Alexander & Stevens.*

PER CURIAM.

There are five grounds of appeal. One is that the verdict was against the weight of evidence. This is not a subject of appellate review in a civil case. Another is that certain testimony of one Buescher was erroneously admitted. There was no exception to the ruling, and hence it is not now reviewable.

The other three grounds may be discussed together, as they relate to the admission of three separate photographs in evidence, to each of which there was objection, overruled and exception taken. These photographs showed a condition of certain land not part of that sought to be taken, in fact several hundred feet from the nearest corner of the tract in question, and seem to have been admitted on the theory, for which there was some support in the testimony, that the tract under condemnation was part of a large bog

which was more or less homogeneous in character; the inference sought to be drawn being that, because the conditions shown in the pictures obtained in another part of the boggy area, similar conditions were to be expected from similar causes in the part under condemnation, and a lower value should be assessed because of this.   All three pictures exhibited the same object, a sidewalk previously laid over piling previously driven, and forced upward some inches into the air by what was claimed to have been the settlement of the boggy surface and the non-settlement of the piling.   The bearing of these pictures, according to the trend of the testimony for the recreation commissioners at the trial, was this: That this boggy land could not be improved as building lots by the erection of dwellings, &c., thereon, without driving a great many piles to support the weight of the buildings, and that to pile each twenty-five by one hundred-foot lot to the extent of forty feet of its depth, leaving the remaining sixty feet of back yard unpiled, plus expense of improving the streets, would cost an average of $1,300 per lot, and that these lots in the bog should be appraised at a greatly reduced value in consequence.   The jury appear to have been somewhat influenced by this, as they fixed a value some $300 per lot less than that fixed by the commissioners in condemnation.

We think there was error in the admission of these photographs.   Conceding for present purposes, but not deciding, that photographs of the *general* conditions existing on adjacent land (which the jury were not permitted by the court to view directly) may be evidential, these pictures were not offered to show general conditions, but avowedly to show a special condition at a particular spot, due, in part, to alleged artificial interference not contemplated as to the lands in question.   These lands in question are desired not as building lots fronting on streets, but as a public playground, fairly comparable with the unpiled back yards, and the cost of fitting them for house buildings was therefore quite irrelevant and misleading to the jury.   If the lands required expensive piling for building purposes and none for open air

recreation, their value for the latter use would naturally be greater.

There was another objection to the admission of these pictures. They showed conditions not on the property to be taken, but on other property, which, while claimed to be due to natural tendencies of the terrain, may well have been due in large part, if not principally, to faulty engineering and construction. Where it is sought to gauge the value of lands by alleged similar conditions on other lands, the parallelism should be clear and complete; otherwise, the test fails and the admission of such evidence is erroneous. *Hepburn* v. *Water Supply Commission,* 2 *N. J. Adv. R.* 1644.

The judgment of the Circuit Court will be reversed, and the cause remanded to the end that a *venire de novo* issue.