J. F. WILCOX & SONS et al., Appellees, v. CITY OF OMAHA et al., Appellants.

No. 42981.

DECEMBER 17, 1935.

Wright & Baldwin, Geo. S. Wright, Addison G. Kistle, and Paul E. Roadifer, for appellants.

Kimball, Peterson, Smith.& Peterson, for appellees.

ANDERSON, J. ▮▮▮ The matters involved in this appeal arise from an appeal to district court in a condemnation proceeding. The appellants, city of Omaha and the Omaha bridge commission, filed an application with the sheriff of Pottawattamie county for the condemnation of certain lands belonging to the appellees J. F. Wilcox & Sons et al. Commissioners were appointed by the sheriff in accordance with the provisions of the statute (Code, section 7825), and award was filed by such commissioners fixing the damages for the taking of the lands in question at $9,900. The applicants for condemnation appeal from such award. The notice of appeal which was prepared and served by the appellants was entitled ''City of Omaha and Omaha Bridge Commission, Plaintiffs vs. J. F. Wilcox & Sons, et al., Defendants''; was directed to J. F. Wilcox & Sons et al., defendants, and signed by the attorneys for the appellants as ''Attorneys for Plaintiffs''. Later the appellants caused said appeal to be docketed in the district court of Pottawattamie county, Iowa, entitled as above stated, and at that time a pleading was filed in the office of the clerk of said court entitled ''Appeal from Award of Condemnation Jury''. This pleading was in the form of a petition designating the plaintiffs and defendants the same as appears in the notice of appeal above mentioned. The term of court to which the appeal was taken commenced on the 2d day of January, 1935, and on that day the defendants as named in the pleadings filed by the appellants filed what is designated as an ''Answer'' to the pleading or petition of the appellants, in which answer the appellees set forth that they had been damaged in the sum of $15,000, and asked judgment for that amount. The case was assigned for trial on the pleadings and issues we have outlined, and on the

day the case was reached for trial the appellants moved the court to change the title of the proceeding by transposing the names of the parties plaintiffs and defendants and making the landowners plaintiffs and the condemnors defendants. This motion was sustained by the trial court. The appellees then asked the court for a continuance and for time to file a petition setting out the items of damage appellees had sustained. The court then announced that it would grant appellees time to file a petition, but that it did not see how that would interfere with proceeding with the trial. Appellants then objected to the granting of any time to file a petition, for the reason that the statute provides that the petition must be filed before the first day of the term, and then announced that, "before the submission of the informal request of plaintiffs for additional time to file a petition", the defendants, appellants, moved the court to enter judgment in favor of the defendants in the sum of $1,980 as an award of damages confessed to be due the appellees. The court overruled this motion, and granted the appellees a continuance until the next term of court, and, in ruling upon appellants' said motion, the court announced that the mistake as to the title of the case was caused by the attorneys for the appellants; and that the pleading filed by the appellants and designated as an appeal from the award of condemnation jury should be construed as in effect a petition in the case; and that, in thus assuming the lead on the appeal, the appellees would have the right to assume that the case would go to trial on those pleadings; and that to have the question raised at the time it was raised creates a situation which the appellees are not prepared to meet and which they had no part in creating. The appeal we have under consideration involves the correctness of the court's rulings on the motions as above indicated.

■■■ It will be noticed from the foregoing recitals that the appellants voluntarily elected to become plaintiffs in the court below. They designated themselves as plaintiffs both in the notice of appeal and in the pleading filed, which was in the nature of a petition, but entitled an "appeal from award of condemnation jury". An answer was filed by the appellees to the pleading filed by appellants, and the cause was assigned for trial on the issues thus presented. On the day of trial the motions and proceedings we have above outlined occurred. It is conceded, as it must be, that section 7841-c1 of the Code pro-

viding that a petition shall be filed by the plaintiff on or before the first day of the term of court to which the appeal is taken is not jurisdictional, but merely procedural. See Elwood v. Board of Sup'rs of Sac County, 156 Iowa 407, 136 N. W. 709; Reichenbach v. Getty, 163 Iowa 25, 143 N. W. 842; Simons v. Mason City & Ft. D. R. Co., 128 Iowa 139, 103 N. W. 129; O'Neal v. State, 214 Iowa 977, 243 N. W. 601, 604.

In the last-cited case we said:

"Likewise, the requirement that a petition be filed is procedural only, and in no sense jurisdictional. The defendant in a civil action, whether at law or in equity, may waive the failure of the plaintiff to file a petition within the time fixed by statute. The strictness required in the proceedings necessary to confer jurisdiction upon a tribunal to hear and determine a controversy is neither required nor observed in matters thereafter strictly procedural."

The sole contention of the appellants is that no proof could be submitted by the plaintiffs-appellees except in support of the allegations of the petition, and that such petition must be filed, under the statute, before the first day of the term to which the appeal is taken, and that the trial court erred, first, in not sustaining the appellants' motion for judgment in the amount of $1,980, and, second, in granting a continuance and extending the time to appellees within which to file a petition. We can see no merit in either of the contentions of the appellants. The granting of a continuance is always within the sound discretion of the trial court, and will not be interfered with on appeal, unless it clearly appears that such discretion has been abused. There is no such showing in this record.

The trouble which arose in the faulty docketing of the case was created alone by the appellants, and this is also true as to the irregularity in filing pleadings and the failure of the appellees to file a petition as required by the statute, section 7841-c1. The pleading filed by the appellants could be construed and considered only as a petition, and it apparently was so considered by the appellees, because the appellees filed an answer thereto and thus joined issue. The reversing of the title to the case to conform to the statute was on the appellants' own motion, and it would seem unfair and unjust to permit the appellants

to take advantage of their own error and irregularity in perfecting their appeal and filing their petition.

We can see no merit in appellants' contention that they were entitled to judgment for an amount much less than the award and much less than was claimed by the appellees, and the only basis for such claim is that no petition had been filed by the appellees as required by the section of the statute above mentioned. This argument would be permitting the appellants to take advantage of a situation which they themselves had created.

It is the disposition of the courts to permit trials upon the merits of controversies between litigants, and the position of the appellants in this case, on this appeal, would prevent fair and impartial determination of the matters at issue and in controversy between the appellants and the appellees.

It is our conclusion that the orders of the trial court, of which the appellants complain, were right and should be, and are, affirmed.—Affirmed.

KINTZINGER, C. J., and DONEGAN, MITCHELL, POWERS, HAMILTON, RICHARDS, ALBERT, and PARSONS, JJ., concur.