No. 34,725

T. L. HARRIS and ENID HARRIS, *Appellees* and *Cross-appellants*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WYANDOTTE, *Appellant*.

(101 P. 2d 898)

Opinion filed May 4, 1940.

*George H. West* and *Russell C. Hardy,* both of Kansas City, for the appellant.

*Elmer E. Martin,* of Kansas City, for the appellees.

The opinion of the court was delivered by

DAWSON, C. J.: This is an appeal and cross-appeal from a judgment awarding damages for taking plaintiffs' twenty-acre country home for public-park purposes.

In 1934 the board of county commissioners of Wyandotte county set about the creation of a public lake and recreational park. Civil engineers made a tentative plat of the needed lands at a suitable site in the northern part of the county a few miles west of Kansas City.

Plaintiffs' property was within the area of the tentative plat of the proposed park, and during 1935 a considerable acreage of the needed lands had been acquired by the county, but for nearly two

years after the park project was set on foot the county made no effort to acquire plaintiffs' lands by negotiation or otherwise.

In 1935 the project had progressed to the stage where the federal government had promised a grant of WPA funds, and by December of that year 700 laboring men had been put to work improving the grounds. Early in 1936 the employment of 1,500 men was authorized.

On June 22, 1936, the county subjected plaintiffs' property to condemnation proceedings. The award was $2,600, which plaintiffs declined and appealed.

On the evidence adduced, the jury returned a verdict for $4,700 in favor of plaintiffs, and made special findings which, in part, read:

"1. What do you find to be the reasonable market value of the plaintiffs' tract on June 22, 1936? A. $4,700.

"3. What do you find to be the use to which plaintiffs were putting their tract between May 1, 1935, and June 22, 1936? A. Homesite.

"4. What do you find to be the most valuable usage to which the plaintiffs' tract was adapted on June 22, 1936, excluding any enhancement of value by reason of commencement of the work on Wyandotte county park, recreational grounds and lake on December 17, 1935? A. Small grain, fruit, for chicken farm and pasture.

"5. What do you find to be the reasonable market value of plaintiffs' tract for the usage stated in the answer to question No. 4? A. $4,700.

"6. Do you find that the plaintiffs' tract possessed any adaptability as lakeside property, except for the project developed by the defendant as its park, recreational grounds and lake development? A. No.

"7. Do you find any evidence of a demand for lakeside property in Wyandotte county prior to the commencement of Wyandotte county's park, recreational grounds and lake? A. Yes.

"11. What do you find the reasonable market value of plaintiffs' property to be as of June 22, 1936, for its most valuable use, taking into consideration its situation and surroundings, including the development of the Wyandotte county lake and recreational grounds, as of that date as generally known to the public? A. $5,100."

Plaintiffs moved for judgment on the jury's special finding No. 11. Defendant leveled various motions against the general and special verdicts and for a new trial. All motions were overruled and judgment was entered on the general verdict.

Hence this appeal and cross-appeal.

Touching the errors assigned by the county board, it is first contended that incompetent evidence of land values was introduced, particularly enhanced values caused by the commencement of the county's project to create a public park in the vicinity of plaintiffs'

property. Passing for the moment whether any such evidence of enhanced values was incompetent, it is clear from special findings Nos. 1, 4 and 5, that the jury did not apply those enhanced values in reaching their general verdict. Counsel for defendant stress the fact that the testimony of only one of plaintiffs' witnesses supports the verdict, whereas the testimony of several witnesses placed a lower valuation on the property. As to that, we have to remind counsel once again that this court has nothing to do with determining the comparative weight of conflicting oral testimony. In *Tidball v. Railway Co.*, 97 Kan. 396, 155 Pac. 938, which was a railway-crossing accident case, one issue of fact was whether the plaintiff had been signaled to cross the railway track. He alone testified that he had, while four eye-witnesses positively swore that he had not. The jury believed the one witness and disbelieved the four, but there was nothing an appellate court could do in a matter of that sort. In *State, ex rel., v. Telephone Co.*, 115 Kan. 236, 269, 223 Pac. 771, the late Mr. Justice Marshall estimated that this court had reiterated this rule of appellate review "five hundred times." See, also, 5 C. J. S. 549 *et seq.*

Counsel for the defendant say, "We think the various opinions of value were confusing to the jury." Perhaps so; that situation is likely to arise in any lawsuit where mere opinion evidence has to be used; but the jury's business is to dissolve that confusion and to decide for themselves what witnesses appear to them to have given truthful and helpful testimony.

It is also urged that the court erred in excluding proffered evidence of what certain county records would show in respect to current prices paid for other lands in the vicinity of plaintiffs'. But defendant failed to follow up that proffered evidence as the code requires. It never did get into the record, consequently we have no means of knowing whether it was competent or material. (*Hall v. Shaffer*, 131 Kan. 109, 289 Pac. 442; *Hunter v. Greer*, 137 Kan. 772, 22 P. 2d 489; *Wood v. McKeever*, 141 Kan. 323, 328, 41 P. 2d 989.)

It is next urged that error inhered in the instructions to the jury— that they were "confusing, ambiguous and repetitious." No particular defect in the instructions is cited in support of this general complaint, and a fair perusal of them does not reveal any debatable statement of pertinent law of which defendant can justly complain. True, there was an element of confusion belatedly injected into the lawsuit by defendant in the nature of a cross demand or counter

claim for the rental value of the use and occupancy of plaintiffs' property from the date of its condemnation, June 22, 1936, until they vacated it on March 20, 1939. But nothing said in the instructions touching this detail is shown to have affected the main question at issue—the value of plaintiffs' property at the date of its condemnation.

Still another error is assigned on the trial court's refusal to send the jury out in the country to view the *locus in quo*. That matter was vested altogether in the trial court's discretion. Within limits, as where it may aid the jury to get a clear understanding of the scene of a crime or accident, a view of the premises may be advisable. Again, a view may be inadvisable and lead to prejudicial error. (*State v. Powell*, 120 Kan. 772, 245 Pac. 128, syl. ¶ 16.) It is not conceivable how a view of plaintiffs' property and its surroundings could have materially assisted the jury in ascertaining the value of the property condemned. Surely counsel do not take the view that the jury should ignore the evidence and substitute their own opinion of values based on a view.

Nothing approaching prejudicial error in the judgment as against the defendant board is made to appear.

On the cross-appeal plaintiffs contend that since the settled law is that a condemnation award for property taken by eminent domain should be based on its value for the highest and best use to which it is adaptable (*Lee v. Missouri Pac. Rld. Co.*, 134 Kan. 225, 232, 5 P. 2d 1102), they were entitled to judgment for the amount the jury found that value to be—$5,100. (Finding No. 11.) The law books have much to say about when, and when not, a valuation of property condemned for some public purpose should include some enhancement because of its availability for the particular use for which it is condemned. While the jury specially found that at one time or another, and at some unstated place or places in Wyandotte county, there was a demand for "lakeside property" prior to the commencement of Wyandotte county's park, recreational grounds and lake (finding No. 7), there was no evidence that there was such a demand for property in the vicinity of plaintiffs', and findings Nos. 8 and 9 are specifically to the contrary. Counsel for these litigants cite and quote a wealth of authorities, but we think the pertinent law was fairly stated in the court's instructions thus:

"(9-d) The county, hereinafter referred to as the condemnor, has exercised the right of eminent domain, and by that right has deprived plaintiffs, claim-

ants, of the entire tract of twenty acres of land and all improvements thereon. The condemnor had the right to exercise that power and deprive the claimants of their land, but as a condition to the exercise of that right is required, under the law, to make full compensation to claimants for the value of said land, including improvements as said land—including improvements—stood on June 22, 1936.

"(9-e) In arriving at market value, you will consider the situation and condition of said land, including improvements, as it stood on the 22d day of June, 1936, and all facts and circumstances as shown by the evidence as of that date and will disregard all evidence of situations, conditions, circumstances, happenings and occurrences subsequent to that date, or not known to exist as of said date, and fix the market value in the light of the information which a prospective purchaser would have had or been able to ascertain as of that date. You will not, however, depreciate or enhance the market value of said land by reason of the fact that the condemnor had prior to that date intended to take said land or drawn a plan by which it indicated an intention to appropriate or acquire this land for park or recreational grounds; but for the purposes of this case, you will consider it as land which the claimants had a right to sell and any buyer had the right to buy upon the open market, unaffected by any intention of the condemnor whether that intention was public or secret."

These instructions were in substantial accord with the weight of authority. In *Mowry v. Boston*, 173 Mass. 425, 53 N. E. 885, the following statement of the pertinent law was quoted approvingly:

" 'The owner of land taken for public use cannot recover therefor an enhanced value which it has acquired merely by reason of the taking, or as the result of the improvement which the taking of that particular land for the specific purpose for which it is taken contemplates; for from the very nature of things its appropriation is a condition precedent to the existence of the improvement, and it cannot share in the effect of the change to create which it must be used.' " (p. 428.)

In *United States v. Certain Lands, Town of Narragansett*, 180 Fed. 260, it was said:

"Where, from the inception of the public improvement, it is known with practical certainty that the land will be required for the public project, this in itself negatives any supposed advantages which might accrue to the land held in private ownership by reason of its adjacency to the grounds of a public capitol, park, or like improvement. If from the outset it is known that the lands must be taken for the public purpose, it is unsound to base their valuation upon any supposed advantages arising from their continuance in private hands as lands adjacent to public grounds." (p. 261.)

In *United States v. Chandler-Dunbar. Co.*, 229 U. S. 53, 57 L. Ed. 1063, it was held:

"One whose property is taken by the government for improvement of the navigation of the river on which it borders is not entitled to the probably ad-

vanced value by reason of the contemplated improvement. The value is to be fixed as of the date of the proceedings. . . . The owner of a separate parcel is not entitled to additional value resulting as part of a comprehensive scheme of improvement, requiring the taking of his and other property." (Syl.)

See, also, 2 Lewis on Eminent Domain (3d ed.), 1329-1330; 1 Nichols on Eminent Domain (2d ed.), 675-677; 10 R. C. L. 131-132, 5 Perm. Supp. 2656; Anno.—Eminent Domain—Damages—Special Value, in 124 A. L. R. 910 *et seq.*

The contention of the plaintiffs as cross-appellants cannot be sustained.

On the appeal and the cross-appeal the judgment is affirmed.