No. 34,984

Roy Rush, *Appellee*, v. Calvin Brown, *Appellant*.

(109 P. 2d 84)

Opinion filed January 25, 1941.

D. W. Eaton, of Wichita, for the appellant.

*Claude I. Depew, W. E. Stanley, Lawrence Weigand, William C. Hook, Sidney J. Brick* and *Lawrence Curfman*, all of Wichita, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action by a farm laborer to recover damages from his employer for personal injuries sustained while he and defendant were operating a cultivator, more particularly designated as a disk tiller, drawn by a tractor. The jury returned a verdict for plaintiff, and defendant appeals.

The first complaint is, defendant's general demurrer to plaintiff's evidence should have been sustained. The evidence of plaintiff was in substance as follows: The disk tiller was new to plaintiff (the record refers to it both as a "one-way" and as a "disk tiller"). He had never used it until the day preceding the accident and on a trial

thereof. He had not been warned by defendant concerning dangers incident to its use. The tiller was drawn by a tractor. It was fastened to the tractor by a hitch. The hitch appears to have been fastened to the tiller near the right end. (When we refer to the right or left side or end of the tiller we are viewing the tiller from the rear.) The tiller followed the tractor at an angle of approximately 40 or 45 degrees. The disks were fastened underneath the framework of the tiller. The frame extended to a point in front of the disks and was V-shaped. The tiller operated on three wheels, one on the right and two on the left. There was a lever near the seat of the tractor by which the depth of cultivation could be regulated on the right side of the tiller. There was a crank at the left end of the tiller by which the depth of cultivation could be regulated for the left portion of the tiller. Prongs extended to the left of the tiller upon which a seat could be fastened, in order that a person might be seated there and operate that crank. The instant tiller contained no seat at that point. A trip lever was located inside of and to the right of a rubber-tired wheel, which wheel carried most of the weight of the left end of the tiller. That lever was inside of and to the front of the crank formerly described. The larger and tired wheel formerly described extended ahead of the left end of the tiller. The distance between that wheel of the tiller and the left wheel of the tractor was approximately ten feet. The trip lever contained a loop to which a rope or wire might be fastened. The trip lever could then be operated from the seat of the tractor by pulling the rope or wire. The trip lever was designed to lower all disks or to raise all disks entirely above the ground in one operation. On the day preceding the accident plaintiff called defendant's attention to the fact no rope was fastened to the trip lever and was advised to use it in that condition and that defendant would attach a rope later. No rope or wire was attached to the trip lever at the time of the accident. On the day of the accident plaintiff was operating the disk tiller on a rough field and had gotten stuck in a wet place. He raised the disks on the left and right sides of the tiller by means of the lever and crank sufficiently to get out of the soft place. He then raised the trip lever to lift the disks entirely out of the ground. Defendant reached this particular field a short time later and advised plaintiff he would take the tractor. Defendant made a circle around the field and returned to the place where plaintiff had been stuck. Plaintiff was on the platform of the tractor. As they approached the

soft place defendant directed plaintiff to get onto the one-way (disk tiller), where he could work the trip lever in case defendant got stuck. Plaintiff stepped onto the hitch from the platform of the tractor and crawled over the framework of the disk tiller on his hands and knees to a place where he could reach the trip lever. Defendant did not stop the tractor. Plaintiff reached the trip lever and was exerting pressure thereon. The ground was rough and they were going at a high rate of speed. The speed was four miles per hour. Plaintiff's right foot slipped down into the framework and in front of the disks. He "holloed" to defendant as loudly as he could. He threw his leg out in front as far as he could·but the third time some trash caught his foot and took it under the disk. He was unable to fix the distance the tiller traveled after his foot slipped but it was approximately thirty seconds before defendant stopped the tractor. Plaintiff glanced up and observed defendant was fumbling with everything but couldn't hit the right thing to stop the tractor. Defendant finally caught hold of the throttle lever instead of the clutch lever. The throttle would not stop the tractor instantly. It caused the tractor to die down.

On cross-examination plaintiff in substance testified: Defendant did not stop the tractor after directing him to get onto the tiller. Defendant told him to get onto the tiller from the platform of the tractor. He did so. The machine kept moving. He climbed over the tiller because defendant told him to do so. It might have been a little.quicker to have gotten off the tractor and to have walked on the ground between the tractor and tiller, but it would have been more dangerous. The trip lever was supposed to have a rope attached to it. Defendant told him "Step back on the one-way and release—trip the lever. Step back on the one-way from the platform."

In support of defendant's contention that his demurrer to plaintiff's evidence should have been sustained he stresses portions of plaintiff's evidence, which, if standing alone, might be construed as contradictory to portions of the evidence we have narrated and which might be construed as unfavorable to plaintiff. Comparison or other consideration of such evidence is not permitted in testing the ruling on a demurrer. (*Hill v. Southern Kansas Stage Lines Co.*, 143 Kan. 44, 53 P. 2d 923; *Robinson v. Short*, 148 Kan. 134, 79 P. 2d 903; *Harris v. Wyandotte County Comm'rs*, 151 Kan. 946, 948, 101 P. 2d 898.)

Defendant insists plaintiff could not have observed his conduct while endeavoring to stop the tractor. Plaintiff's testimony was that he did at one moment observe that conduct. That testimony, and what plaintiff stated he saw, was entitled to full credence in a ruling on the demurrer. It was solely the province of the jury to determine what weight it would accord such testimony. (*Hill v. Southern Kansas Stage Lines Co.,* supra.)

Defendant stoutly contends plaintiff did not employ the safe way to operate the trip lever. Plaintiff's evidence was to the effect that the ground was rough and that while it might have been quicker to walk through the open space of ten feet between the tractor and the tiller, it would have been more dangerous to do so while the machine was moving. That was positive evidence and the question of its weight was also distinctly for the determination of the jury. The tractor and tiller were moving over rough ground. Exactly how rough it was we do not know. Plaintiff regarded the speed as a high speed under the circumstances. He apparently concluded that it was more dangerous to step onto the rough ground from the moving tractor and directly in front of the oncoming disks. He may have believed that if he stumbled on the rough ground and fell in front of the disks he would have been subjected to far greater injuries than those which he sustained. We cannot well say as a matter of law that plaintiff's choice of route, under these circumstances, constituted contributory negligence. It must be remembered, also, plaintiff testified he was pursuing the exact course which defendant directed him to pursue. In *Railroad Co. v. Morris,* 76 Kan. 836, 93 Pac. 153, it was held:

"Where a master orders a servant into a situation of danger, and in obeying the command the servant is injured, he will not be charged with contributory negligence, or with an assumption of the risk, unless the danger was so glaring that no prudent man would have encountered it, even under such orders, provided he acts with reasonable prudence in executing such orders." (Syl. ¶ 2.)

See, also, *Young v. Railway Co.,* 82 Kan. 332, 336, 108 Pac. 99; *Whetzell v. Railway Co.,* 105 Kan. 289, 182 Pac. 409; *Spear v. City of Wichita,* 113 Kan. 686, 216 Pac. 305; *Palmer v. Midland Valley Rld. Co.,* 118 Kan. 507, 510, 235 Pac. 853; 18 R. C. L. 655, § 149.

Whether plaintiff acted with reasonable prudence in the execution of defendant's orders was also a question for the jury. (See cases last cited.) There was nothing in plaintiff's evidence which

indicated he was not cautious in the manner in which he executed the orders of his employer.

Defendant further contends plaintiff's evidence failed to disclose defendant had a last clear chance to avoid the accident after plaintiff's foot slipped through the framework of the tiller. The argument is based upon the theory plaintiff's evidence did not establish the distance within which the tiller might have been stopped. Plaintiff's evidence was that the tractor did not stop for thirty seconds after his foot slipped. If that was not sufficient evidence upon which to invoke the doctrine of last clear chance in view of the fact the tractor was traveling four miles per hour then defendant supplied the deficiency, and the error in the ruling on the demurrer, if error existed, was cured. (*Hayes v. Reid,* 145 Kan. 51, 64 P. 2d 19.) Defendant testified he applied the brakes immediately and the machine stopped within one foot or eighteen inches. After the defendant so testified he cannot complain that plaintiff did not prove the machine could be stopped immediately or within one foot or eighteen inches. Plaintiff, however, testified it was not stopped for thirty seconds. It was solely the province of the jury to settle that disputed fact.

Defendant's testimony, however, disclosed additional facts. It disclosed that the peril existed prior to the time plaintiff slipped and that defendant did nothing to prevent the accident from happening. Defendant testified in substance: He watched plaintiff jump onto the one-way. He sure did know plaintiff was in a position of peril when he was on top of the framework and before he slipped through. Defendant did not stop the machine at that time and did not order plaintiff to get off and step onto the ground.

Obviously, under all these circumstances defendant cannot successfully assert negligence on his part was not established. Under these circumstances we cannot say as a matter of law the doctrine of last clear chance should not have been submitted to the jury.

It is also urged the trial court improperly instructed the jury on the doctrine of last clear chance. Plaintiff insists no objection was made to any instruction when given and that no additional or more adequate instruction was requested. The record discloses no objection to any instruction when given or a request for clearer or more definite instructions. Under such circumstances reversible error does not exist. (*Hogan v. Santa Fe Trail Transportation Co.,* 148 Kan. 720, 724, 85 P. 2d 28.) The judgment must be affirmed. It is so ordered.