CITY OF YOUNGSTOWN, APPELLANT, *v.* THOMAS ET AL., APPELLEES.

(No. 1285—Decided September 16, 1953.)

*Mr. H. Herschel Hunt,* director of law, *Mr. I. Freeman* and *Mr. P. Richard Schumann,* for appellant.
*Messrs. Sieman, Sieman & Sieman,* for appellees.

PHILLIPS, J. Plaintiff, a municipal corporation, appealed to this court on questions of law from a judgment of the Court of Common Pleas entered upon a jury verdict of $1,094 for the defendants in an action to appropriate 5.47 acres of defendants' land for the purpose of removing trees therefrom, which plaintiff claims are a flying hazard at plaintiff's municipal airport situated in Vienna, Trumbull County, Ohio.

Plaintiff contends by assignments of error that the verdict of the jury "was influenced by incompetent evidence as to enhanced value by reason of the probable need of the land for airport purposes"; that the "verdict of the jury is grossly excessive and not warranted by the evidence, and was influenced by passion and prejudice"; that the verdict of the jury is "against the manifest weight of the evidence" and "contrary to law"; and that the trial judge erred "in refusing to set aside said verdict and grant plaintiff a new trial."

Plaintiff's evidence is that the land appropriated comprised the rear portion of defendants' farm situated on route 90 and containing in all about 13½ acres, only eight acres of which are tillable or cultivatable; and that the portion appropriated consists of underbrush and second growth timber of no market value.

There is evidence that the appropriated land is situated three-quarters of a mile north of the center of Vienna, Ohio, eight miles from Sharon, Pennsylvania, fourteen miles from Youngstown, Ohio, and about twelve miles from Warren, Ohio, and when cleared will enable aircraft to come 780 feet closer to the defendants' dwelling and building situated on the unappropriated portion of their farm without the flying hazard that now exists; that one and one-half acres of the farm as constituted before appropriation were used to house defendants' dwelling and building, two acres for planting corn, one acre for general gardening and seed corn, and an additional three and one-half acres for general planting; that the appropriated part contains two and one-half acres of pasture land, two and one-half acres of timber, and the remaining part is suitable for planting and tilling; that the useable land of the farm has been depreciated forty per cent; that the cutting of the trees will increase the workable land within the appropriated area; and that after appropriation defendants' land is too small to be suitable for suburban farming and too large for residential purposes, rendering it difficult to dispose of.

One of plaintiff's appraiser witnesses appraised the fair market value of defendants' appropriated land, including buildings, before appropriation at $7,320, and thereafter at $6,992.

Another of plaintiff's appraiser witnesses fixed the value of defendants' land and buildings before appropriation at $8,299, and thereafter at $8,026.50.

Plaintiff's third appraiser witness valued the land appropriated at $150 an acre if considered as pasture land but treated it as unmarketable no-value. timber land in that it would not pay to haul the timber to the saw mill, and testified that the timber is useable only for fence posts or firewood.

One of defendants' appraiser witnesses testified that the rear 400 feet, if sold separately, will have to be sold for "whatever you can get for it"; that the only value he could find arises from the fact that the "property is being bought by the airport and the price of a piece of property depends a great deal on the demand for property in that area"; that it is hemmed in by the farm in the front and the airport in the rear, without ingress or egress if severed; and that the value of the appropriated land is $100 per acre.

Defendants' second appraiser witness appraised such farm before appropriation at $9,000 and $6,800 thereafter, and fixed the actual value of the acreage taken at $450 per acre, without consideration of the damage done to the residue.

Another of defendants' appraiser witnesses testified that the reasonable market value of defendants' farm before appropriation was $9,500 and thereafter was $6,900, and appraised the appropriated land at $300 per acre.

The trial judge instructed the jury that it could determine the amount of compensation it would allow to defendants upon the basis of the fair market value of the land taken and the damage, if any, to the residue; or the difference in the value of the land appropriated before and after the severance from the rest of the land, in which event it need not consider any damage to the residue.

Plaintiff contends that, when it appropriated de-

fendants' land for municipal purposes, defendants could recover compensation only for the value at the time it was assessed in the proceeding and for damages to the residue, if any; that the jury was not permitted to consider increased value of the appropriated lands by the proposal or construction of the work for which it was appropriated; and that "the owner of a tract of land in a condemnation proceeding is not entitled to an increased value which may result from the improvement, where its appropriation is a condition precedent to the existence of the improvement. *Nichols* v. *Cleveland,* 104 Ohio St., 19.''

Plaintiff contends further that ''a preponderance of the evidence, including the testimony of the defendants' witness Vasu, permits no allowance exceeding $100 per acre for the land taken,'' and asks this court to order a remittitur, ''where the verdict appears excessive * * *, a rule adopted not only by the courts of Ohio but also by the federal courts and other jurisdictions.''

It is the duty of the jury to determine where the truth in the evidence lies and where the probabilities lie, and to award defendants a fair sum for the land appropriated.

''Where only a part of a tract is taken in the exercise of the power of eminent domain, it is generally recognized that the owner is entitled to recover damages not only for the part taken but also for the injuries to the residue, the measure of damages, according to some authorities, being the difference between the market value of the entire tract before the taking and the market value of what is left after the taking.'' 29 Corpus Juris Secundum, 976, Section 139.

''The tribunal whose duty it is to determine the value of land taken by eminent domain is not limited

to the value of the land for the purposes for which it is actually used, but may consider all uses to which it is adapted and might be put, and will award compensation upon the basis of its most advantageous and valuable use, having regard to the existing business or wants of the community, or such as may be reasonably expected in the immediate future.'' 18 American Jurisprudence, 879, Section 244.

''The usual rule is that the risk of injury to persons or property by reason of the improvement in question cannot be considered as a distinct element of damages, although such risk may be considered on the question of market value and depreciation.'' 29 Corpus Juris Secundum, 1039, Section 169.

Defendants ''may recover both compensation and damages'' for the value of the land and the damages to the residue. 15 Ohio Jurisprudence, 1074, Section 412; *Cincinnati, L. & N. Ry. Co.* v. *City of Cincinnati,* 16 N. P. (N. S.), 587.

''In ascertaining the amount which should be allowed in an appropriation proceeding, the jury should take into account not only the purposes for which the land is or has been applied, but any other beneficial purpose to which it may be applied.'' *In re Appropriation by Supt. of Public Works,* 155 Ohio St., 454, 458, 99 N. E. (2d), 313.

It was the jury's duty under proper instructions of the trial judge to consider the testimony of defendants' appraiser witness that ''the price of the piece of property depends a great deal on the demand for the property in that area,'' and there is nothing to indicate to us that in such consideration the jury was influenced by passion or prejudice ''as to the enhanced value by reason of the probable need of the land for airport purposes.''

In our opinion the verdict of the jury is not grossly excessive.

"When part of a parcel of land is taken by eminent domain, the owner is not restricted to compensation for the land actually taken; he is also entitled to recover for the damage to his remaining land. In other words, he is entitled to full compensation for the taking of his land and all its consequences." 18 American Jurisprudence, 905, Section 265.

We cannot conclude that the verdict of the jury is against the manifest weight of the evidence which we have considered carefully, together with the law applicable thereto; that the trial court erred "in refusing to set aside said verdict and grant plaintiff a new trial"; or that the verdict of the jury is "contrary to law."

The judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

GRIFFITH, P. J., concurs.
NICHOLS, J., concurs in the judgment.