**The STATE of Texas, Appellant,**

v.

**Conover H. ABLE et al., Appellees.**

No. 7462.

Court of Civil Appeals of Texas,
Texarkana.

May 28, 1963.

Rehearing Denied June 18, 1963.

Will Wilson, Atty. Gen., Felix Salazar, Jr., Asst. Atty. Gen., Austin, for appellant.

Levert Able Houston, for appellees.

DAVIS, Justice.

A condemnation case. The appellant, State of Texas, filed suit against appellees, Conover H. Able, et al., in the County Court at Law of Harris County, Texas, on August 26, 1960, to condemn certain described lands used for business purposes situated in the incorporated City of Bellaire, Harris County, Texas. At the bottom of the petition, there was an "Order Appointing Commissioners", followed by the notation of "Madison Rayburn, Judge, County Court at Law of Harris County, Texas".

On August 1, 1960, Judge Madison Rayburn signed an order of exchange of benches, as authorized by Art. 1970–94a, R.C.S.

The petition in condemnation was presented by appellant to William A. Miller, Jr., Judge of the County Civil Court at Law No. 2. In obedience to the exchange of benches, Judge Miller signed the "Order Appointing Commissioners" as follows:

> "s/ Wm. A. Miller, Jr.,
> ~~Madison Rayburn,~~
> Judge Presiding, (in writing)
> County Court at Law
> of Harris County, Texas"

The Special Commissioners took their oaths and set the matter for hearing on September 14, 1960. Nowhere in the petition for condemnation did appellant refer to the County Civil Court at Law No. 2. The order setting the hearing and the award by the Special Commissioners was filed with the Judge of the County Court at Law on November 1, 1960. The notices addressed to each of the condemnees by the Special Commissioners show that the appellant filed the petition on August 26, 1960, with the "Judge of the County Court at Law". The award was accepted, the petition and award were filed with the County Clerk, and was

numbered 103,782. The appellees filed their objections to the award in the County Court at Law on November 8, 1960. Appellant filed its objections to the award in the County Court at Law on November 10, 1960. On December 19, 1960, appellant deposited the sum of $104,742.50 with the Clerk of the County Court at Law, subject to the orders of the appellees, and filed an application for a writ of possession. On January 3, 1961, at the order of Madison Rayburn, Judge of the County Court at Law, appellees withdrew said funds from the Clerk. Judge Rayburn issued an order giving the appellant the right to possession of the land. Appellant took possession of said land.

By an act of the Legislature, Art. 1970–77, R.C.S., was amended in 1961, changing the name of the County Court at Law to "County Civil Court at Law No. 1". This case came on for trial on January 29, 1962, in the County Civil Court at Law No. 1. Trial was to a jury, and the special issues were answered in favor of the appellees. Judgment was entered, and the appellant has appealed: It brings forward 15 points of error.

■ The foregoing statement was made because of the 1st point of error. Appellant takes the position that the County Court at Law, or the County Civil Court at Law No. 1, did not have jurisdiction to try the case because the *petition* "in the above numbered and entitled cause was filed on August 26, 1960, with the Honorable William A. Miller, Jr., Judge of the County Court at Law No. 2, Harris County, Texas. The *award* and *objections* to such an award were filed with the Honorable Madison Rayburn, Judge of the County Court at Law Harris County, Texas, which said court proceeded to try the case * * *". The point of error goes on to state that the petition was filed in a different court from that in which the award and objections were filed. The petition in condemnation was filed in the County Court at Law by appellant. Judge William A. Miller, Jr., who appointed the Special Commissioners, in the absence of Judge Madison Rayburn, was merely acting on the exchange of benches under the order signed by Judge Rayburn.

The appellant filed a motion for new trial in which motion it raised the point of error for the first time. At the hearing on the motion, appellant announced to the court that they wished to waive the point of error. Such waiver is set out in the order overruling the motion for new trial. It cites Henderson v. Texas Turnpike Authority (Tex.Civ.App.), 308 S.W.2d 199, err. ref., and Lemmon v. Giles (Tex.Civ.App.), 342 S.W.2d 56, err. dism'd. The cases are not in point. The appellant, in this case, actually filed the petition in condemnation. Judge Miller signed the order appointing the Special Commissioners as "Judge Presiding" by exchange of benches, not as Judge of the County Civil Court at Law No. 2. Actually, there is no irregularity in the condemnation proceedings. If there was any irregularity, the appellant can not take advantage of the irregularity that it has caused. 29 C.J.S. Eminent Domain § 319, page 1355. J. F. Wilcox & Sons v. City of Omaha, 220 Iowa 1131, 264 N.W. 5.

Art. 1970–79, R.C.S., reads in part as follows:

"The jurisdiction of the county court of Harris county for civil cases and of the judge thereof shall extend to all matters of eminent domain on which jurisdiction has been heretofore vested in the county court of Harris county or in the county judge thereof."

The condemnation proceedings are administrative only until the petition and objections were filed with the clerk. It was held in Jones v. City of Mineola (Tex.Civ. App.), 203 S.W.2d 1020, err. ref., that the jurisdictional prerequisites of an effort by condemnation authority to a lack of notice of commissioners hearing was waived by the owner appearing before the Board of Commissioners and contesting the condemnation on its merits. Such an irregularity

was caused by the condemnees. In State v. Carpenter (Tex.Civ.App.), 55 S.W.2d 219, reversed on other grounds, 126 Tex. 604, 89 S.W.2d 194, it was held that the State waived and was estopped to complain of the jurisdictional error in filing the award with the County Clerk instead of the County Judge where it filed its objections with the Clerk and proceeded to trial and did not raise the point until it filed its motion for new trial. It was held in Brazos River Conservation & Reclamation Dist. v. Allen, 141 Tex. 208, 171 S.W.2d 842, that the District, after filing a petition in condemnation, making a deposit in the court, and then taking possession of the land, can not then dismiss the petition and file another suit in condemnation. The taking possession of the property causes the condemning authority to lose right to abandon the project or the purpose of taking. It was held in Crockett v. Housing Authority of the City of Dallas (Tex.Civ.App.), 274 S.W.2d 187, N.W.H., that where there was an attempt to condemn certain land but the proceedings were invalid for want of statutes authorizing such condemnation, the owner, by accepting compensation assessed by the Commissioners, makes the transaction effectual and the owner could not successfully complain that initial statement in writing to condemn the land was fatally defective as to the description. In Schlottman v. Wharton County (Tex.Civ.App.), 259 S.W.2d 325, wr. dism., the Court said:

"* * * Actions as in question here are necessarily pursuant to statutory duties. Public officers are presumed to have performed their duties and to have acted in a regular and lawful manner. As to such— if the appellant had desired to raise the question as to the prematurity of the suit based upon the propriety of the action having been initiated without proper foundation by way of an order on the part of the Commissioners' Court authorizing the offer in question to be made to him,— or authorizing an attempt to be made to

agree with him upon or within a certain figure for the land desired,—he was obliged to raise the matter himself by way of an affirmative pleading in bar. His entitlement to adduce evidence thereon must be predicated by special plea, and his would be the burden thereon. Not having done so in this case, nor having raised the matter by any objection to the suit touching on such alleged irregularity prior to announcing ready for trial on the issues presented, the appellant has waived the right to contest the judgment by reason thereof. 33 Tex.Jur., p. 477, sec. 55 (Pleading); 17 Tex.Jur., p. 276, sec. 75 (Evidence—Civil Cases); Texas Law of Evidence, McCormick & Ray, p. 92, sec. 54 and p. 100, sec. 57; 14 Texas Law Review 414; Farm & Home Savings & Loan Association of Missouri v. Muhl, Tex.Civ.App., 1931, 37 S.W.2d 316 (Waco), writ refused, and cases therein cited; State v. Palacios, Tex.Civ.App., 1912, 150 S.W. 229 (Austin), error refused; Sanders State Bank v. Hawkins, Tex.Civ.App., 1911, 142 S.W. 84 (Texarkana)."

Point No. 1 is overruled.

■ By point 2, appellant says the court erred in constantly questioning McClure, a witness for appellant. Objections had been made by appellees to the witness testifying as an expert. Apparently, the court was attempting to help qualify him as a witness. Appellant cites the cases of Hargrove v. Fort Worth Elevator Co. (Tex. Comm.App.), 276 S.W. 426, and Texas Employers' Insurance Association v. Butler (Tex.Civ.App.), 287 S.W.2d 198, W.R., N.R.E. The cases are not in point. In addition to the questions asked, the court made the following statement as to his qualifications:

"The Court: I wanted to see what it was based on. Gentlemen, I am inclined to allow the witness to state his opinion, and let it go to the weight rather than to the admissible, for what-

ever it may be worth, if anything, to the jury.

"Mr. Able, (Attorney for Appellees): Note our exceptions."

The appellant did not make any objections to the questions by the court. It raised the point for the first time in its motion for a new trial. It appears that the court was trying to ascertain the facts in response to the objections of counsel for the Ables, and did not have any reference whatever to the testimony of the witness, McClure. If the appellant thought it was improper, it should have objected to the same. An instruction by the court to disregard the same would have cured the error, if any. If the questioning and comment was error, it was waived. Holden v. Gibbons (Tex.Civ.App.), 101 S.W.2d 837, err. dism.; Noyl Corporation et al. v. Houston Independent School District (Tex.Civ. App.), 317 S.W.2d 756, N.W.H.; Loumparoff v. Housing Authority of City of Dallas (Tex.Civ.App.), 261 S.W.2d 224, N.W. H.; Burgess v. Sylvester (Tex.Civ.App.), 177 S.W.2d 271, affirmed 143 Tex. 25, 182 S.W.2d 358. Point 2 is overruled.

By points 3, 4, 5, and 6, appellant contends that the court erred in refusing to let it offer in evidence sales of residential property. The property being condemned was business property; used as a furniture factory and a furniture repair shop. There was no showing of similarity or comparability of the residential property and the business property. The trial court properly excluded such evidence and exhibits without such showing. The property being condemned was zoned by Ordinance for being used as a furniture business. Later, the court invited the appellant to re-offer the sale of said property separately, showing the similarity and comparability, and he would admit the same. The appellant stated to the court that it could not prove the similarity or comparability, and elected not to re-offer such evidence and exhibits. It,

thereby, waived any error. The points are overruled.

The other points have been carefully examined and found to be without merit. They are overruled.

The judgment of the trial court is affirmed.