623 P.2d 561

**COLORADO & SOUTHERN RAILWAY COMPANY, a corporation, Petitioner,**

v.

**Rodney R. DIMITROFF, Respondent.**

No. 12832.

Supreme Court of New Mexico.

Dec. 1, 1980.

Rehearing Denied Jan. 15, 1981.

Montgomery, Andrews & Hannahs, Walter J. Melendres, Santa Fe, for petitioner.

Charles D. Alsup, Clayton, for respondent.

MEMORANDUM OPINION

FELTER, Justice.

Plaintiff-appellee, Rodney R. Dimitroff, was awarded judgment in the sum of $5,145.00 against defendant-appellant, Colorado & Southern Railway Company for the use of 2.25 acres of plaintiff's land. After affirmance by the Court of Appeals, we granted the petition for a writ of certiorari filed by appellant. We reverse the judgment of the trial court and the decision of the Court of Appeals.

The facts material to a resolution of this case, which were found by the trial court, supported by the evidence and not in dispute are as follows:

1. One of the defendant's trains derailed and some of the cars from the derailment spilled over onto the plaintiff's lands;

2. Plaintiff and defendant agreed that defendant could use a portion of plaintiff's lands for salvage operations incident to the derailment but no agreement was reached as to the specific amount of rent to be paid to the plaintiff;

3. For a period of 210 days, defendant's operations continued on approximately 2.25 acres of plaintiff's lands, involving the use of various items of heavy equipment in dragging from defendant's right-of-way onto plaintiff's lands seven to eight railroad cars, and salvaging them out upon such lands;

4. Plaintiff's 2.25 acres used by defendant were unfenced agricultural or range land in a rural area;

5. The rental price for range land near Clayton, New Mexico is $3.00 per acre per year. Its sale price is $100.00 per acre. The reasonable value for open storage of a truck in Clayton within a fenced enclosure and with insurance is $3.50 per day per truck;

6. The period of time necessary for restoration of the 2.25 acres of land to its original condition is six years from the date of the derailment in December, 1975; and

7. A reasonable rental value for 2.25 acres of rangeland near Clayton, New Mexico for six years is approximately $40.50.

The trial court concluded that a proper measure to determine a reasonable rental to be paid plaintiff is the rate for open storage of vehicles in Clayton, New Mexico. From this conclusion the court computed seven cars at $3.50 per day each for a period of 210 days to arrive at total rent or damages due unto plaintiff in the sum of $5,145.00.

The sole issue for our decision is the proper measure of damages or rental due unto plaintiff. Defendant asserts and we agree that the trial court used the wrong measure of damages to calculate the award and that the damages awarded are excessive.

The measure of damages or proper rental value of real estate where the amount is not set by agreement presents a case of first impression in New Mexico. In the case of *Fredenburgh v. Allied Van Lines, Inc.*, 79 N.M. 593, 446 P.2d 868 (1968), a case involving damage to household furniture, as to the element of damages for the loss of use thereof, this Court held:

> The measure of damages for the loss of use sustained is the rental value of property *similar* to that damaged for the time reasonably necessary to make repairs, * * (Citations omitted.) (Emphasis added.)

*Id.* at 600, 446 P.2d at 875.

In *Bumann v. Maurer*, 203 N.W.2d 434 (N.D.1972), the court approved damages for the loss of use of land to be the fair rental value of the real estate. In *Baburek v. Skomal*, 176 Neb. 832, 127 N.W.2d 731 (1964), in deciding the appropriate measure of damages for the wrongful withholding of possession of real estate, the court held that the measure of damages is the reasonable rental value of the property for the period of time the party entitled to possession is deprived of its use. Following the same rule as to the measure of damages are *Scott v. Elliott*, 253 Or. 168, 451 P.2d 474 (1969); *Pritchard Petroleum Co. v. Farmers Co-op. Oil & Sup. Co.*, 121 Mont. 1, 190 P.2d 55 (1948). Decisions from other jurisdictions following this same rule as to the measure of damages are too numerous to cite.

Where no fair rental value for the land itself has been fixed or agreed to, such value may best be determined from those values fixed at the market place for similar or comparable land. Open, unfenced range land without insurance upon chattels stored thereon is neither similar nor comparable to city open storage for vehicles that is fenced, carries insurance upon vehicles stored thereon and has been set aside for commercial storage of vehicles. To indulge in such an equation of comparability and fix a land rental from such an equation results in a manifest injustice.

■ In New Mexico the fair rental value of furniture is determined from the rental value of *similar* furniture. *Fredenburgh v. Allied Van Lines, Inc., supra.* This same rationale has been applied in eminent domain proceedings in other jurisdictions to fix the value of lands. Thus, dissimilarity or lack of comparability renders a known or fixed value of land inadmissible as a gauge of value of the lands under condemnation. The rule as to market sale value is equally rational and fair when applied to market rental value.

The Supreme Court of New Jersey in *In re Lands of Dieckmann, et al.*, 4 N.J.Misc. 145, 132 A. 244 (1926) included in its opinion the following ruling:

> Where it is sought to gauge the value of lands by alleged similar conditions on other lands, the parallelism should be clear and complete; otherwise the test fails and the admission of such evidence is erroneous. (Cite omitted.)

*Id.* at 245.

*Commonwealth v. Begley*, 261 Ky. 812, 88 S.W.2d 920 (Ct.App.1935) held that evidence of the value of a similar dwelling in another part of the same town was inadmissible, but that evidence of a similar dwelling in the same part of town was admissible to show value in an eminent domain proceeding.

Where business property was being condemned, the court properly excluded evidence of sale value of certain residential property, on the basis that there was no showing of similarity or comparability of the residential and business property. *State v. Able* (Tex.Civ.App.), 369 S.W.2d 520 (1963). In *Mississippi State Highway Commission v. Hall*, 252 Miss. 863, 174 So.2d 488 (1965), a comparison of values between the condemned property upon which there were no improvements or public roads, on which there had risen only scattered growth of small pulp wood, and which had been in the vicinity of little or no home building activity for the past 20 years, with property purchased from motor court promoters for that particular and specified commercial use because of its proximity to heavy highway traffic, was held to be objectionable, misleading and confusing.

■ Where an obligation to pay for the use of unimproved real estate exists and the specific amount of that obligation has not been fixed or agreed to, we hold that the proper method for determining the extent of such obligation shall be the fair rental value of the particular unimproved land in question.

■ Further, in determining that fair rental value, comparison with the rents charged for other lands should be limited to those lands that are truly similar and comparable in character, location and use potential to the lands in issue. Use potential is not circumscribed by a use created by a one time accidental derailment. Rather, it is such uses that rationally exist in the market without consideration of remotely possible uses based upon accident. Thus, it has been held that an enhanced value of land due to the use for which the land was appropriated will not be included in the measure of compensation therefor. *Cole v. Boston Edison Company*, 338 Mass. 661, 157 N.E.2d 209 (1959); *City of Youngstown v. Thomas*, 97 Ohio App. 193, 124 N.E.2d 184 (1953); *Harris v. Board of Com'rs of Wyandotte County*, 151 Kan. 946, 101 P.2d 898 (1940). In *Harris*, the court quoted approvingly from the case of *Mowry v. City of Boston*, 173 Mass. 425, 53 N.E. 885, 886 (1899), to wit:

> "The owner of land taken for public use cannot recover therefor an enhanced value which it has acquired merely by reason of the taking, or as the result of the improvement which the taking of that particular land for the specific purposes for which it is taken contemplates; for, from the very nature of things, its appropriation is a condition precedent to the existence of the improvement, and it cannot share in the effect of a change to create which it must be used."

101 P.2d at 901.

The logic and justice of the ruling above quoted may be applied to the fixing of a fair amount of damages or rent in the case at bar with equal logic and justice.

**444**

The judgment of the trial court and the decision of the Court of Appeals are reversed. This case is remanded to the trial court with instructions to enter judgment for plaintiff-appellee consistent with this opinion.

IT IS SO ORDERED.

SOSA, C. J., and EASLEY and PAYNE, JJ., concur.

FEDERICI, J., not participating.